**Richard VELA, Appellant,**

v.

**The CITY OF HOUSTON,
Texas, Appellee.**

No. 01–04–00264–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 13, 2005.

Martin A. Shellist, Shellist, Lore & Lazarz, P.C., Houston, TX, for Appellant.

Marcus Dobbs, Senior Assistant City Attorney, Arturo G. Michel, City of Houston, City Attorney, Legal Department, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellant, Richard Vela, appeals the trial court's order granting summary judgment in favor of appellee, the City of Houston ("the City"), for an alleged violation of section 554 of the Texas Government Code, also known as the Whistleblower Act ("the Act").[1] Vela asserts that summary judgment was improper because he (1) reported violations of law, (2) made reports to appropriate law enforcement authorities, and (3) established a causal link between the whistleblowing and his termination. We affirm the judgment of the trial court.

1. Section 554.002(a) states that "a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a viola-

## Background

Vela worked as an electrician in the City's Aviation Department. He was promoted twice and ended his career as an Electrical Superintendent. In 2001, Hobby Airport began building a new concourse for Southwest Airlines. The same year, Vela and Fred Ellis, who was an Electrical Supervisor, attended an aviation lighting conference in San Diego, California. Following the conference, Vela and Ellis submitted expense reports to the City for reimbursement. The City examined the expense reports and determined that Vela and Ellis had submitted altered meal receipts to the City for reimbursement. As a result, the City rejected Vela's expense report.

In 2002, Vela noticed that the electrical subcontractors were installing a metal clad cable ("MC cable"), which Vela alleged was an inferior type of cable. Vela claimed this deviation was *illegal* because the use of MC cable "violated the building code, was a serious safety violation, and resulted in fraud upon the City." During a training class on May 9, 2002, Vela asked if he would be protected for doing something illegal if he was following a manager's instructions. He further explained that a manager told him to "do whatever it took to [ensure that] the construction of the new concourse at Hobby Airport was completed by the target date." Vela reported the alleged violations to Richard Newton, the Houston Airport System Human Resources Manager, and several members of the Airport System management team. Newton told Vela that, if he was aware of any illegal activity or wrongdoing, he

tion of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002(a) (Vernon 2004).

should contact the Office of Inspector General. In July 2002, the City indefinitely suspended Vela and Ellis for "falsifying City records" and for "failing to adhere to City policies" in submitting altered meal receipts the year before.

Vela sued the City alleging that his termination violated section 554.002 of the Government Code. Vela contends that he was terminated because he reported what he in good faith believed to be violations of law to persons he believed to be the appropriate law enforcement authorities. The City moved for a no-evidence summary judgment and a traditional summary judgment based on the affirmative defense under section 554.004(b) of the Government Code. The trial court granted both of the City's motions for summary judgment because the summary judgment evidence failed to raise a genuine issue of material fact concerning (1) whether the report that Vela made amounted to reporting a violation of law; (2) whether Vela made his report to an appropriate law enforcement agency; and (3) whether the City took adverse action against Vela because of his report.

### The Act

In three issues, Vela asserts that summary judgment was improper because he (1) reported what he believed to be violations of law, (2) made reports to persons he believed to be appropriate law enforcement authorities, and (3) established a causal link between the whistleblowing and his termination.

A governmental entity is liable for damages under the Act if it discriminates against a public employee who reports a violation of law. *See* TEX. GOV'T CODE ANN. §§ 554.001–.009 (Vernon 2004). To establish a valid claim under the Act, an employee must demonstrate that:

(1) he is a public employee;

(2) he made the report in good faith;

(3) he reported a violation of law;

(4) the report was made to an appropriate law enforcement authority;

(5) and he suffered retaliation as a result of making the report.

TEX. GOV'T CODE ANN. § 554.002(a) (Vernon 2004).

### Standard of Review

When reviewing a summary judgment, we determine whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact about one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* at 548–49. Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor. *Id.* at 549.

■ A party is entitled to a no-evidence summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on each of the challenged elements. *See* TEX.R. CIV. P. 166a(i); *see also Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex.App.-Houston [1st Dist.] 1999, no pet.). In reviewing a no-evidence sum-

mary judgment, we must indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor. *See Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

## Violation of the Law

 In his first issue, Vela claims that he reported violations of the law as required under the Act. TEX. GOV'T CODE ANN. § 554.001. "Law" under the Act is defined as "a state or federal statute, an ordinance of a local governmental entity, or a rule adopted under a statute or ordinance." TEX. GOV'T CODE ANN. § 554.001(1). In his response to the City's motion for summary judgment, Vela states that he reported violations of the City of Houston Building Code, the City of Houston Electric Code (HEC), and the National Electric Code, as well as criminal fraud upon the City and breach of contract. Although Vela states that certain city codes were violated by the use of the MC cable, he has cited no provision of the building or electrical code that he believes was violated.[2] Violation of the City's internal policies are not "laws" under the Act. *Ruiz v. City of San Antonio*, 966 S.W.2d 128, 130 (Tex. App.-Austin 1998, no pet.) (citing *Harris Co. Precinct Four Constable Dept. v. Grabowski*, 922 S.W.2d 954, 956 (Tex.1996)). Vela's belief that the use of the MC cable instead of a different type of cable is, at best, a report of a contract violation. There is no evidence that Vela reported a violation of law.

Vela also argues that, if he did not report an actual violation of law, he is still entitled to prevail on his Whistleblower claim if he presents evidence that he had a good faith belief that he was reporting violations of law. "Good faith" has been interpreted to mean that "(1) the employee believed that the conduct reported was a violation of the law and (2) the employee's belief was reasonable in light of the employee's training and experience." *Wichita County v. Hart*, 917 S.W.2d 779, 784 (Tex.1996). The second part of the definition ensures that, even if the reporting employee honestly believed that the reported act was a violation of law, an employer that takes prohibited action against the employee violates the Act only if a reasonably prudent employee in a similar circumstance would have believed that the facts as reported were a violation of law. *Id.* at 785. Because Vela had been an Electrical Supervisor and Electrical Superintendent for the City of Houston for nearly 18 years, we hold that it was not reasonable for Vela to believe that he reported a violation of law prior to his adverse employment action. We therefore hold that the trial court properly granted the City's motion for summary judgment with regard to this issue. Accordingly, we overrule Vela's first issue.

## Appropriate Law Enforcement Authority

 In his second issue, Vela claims that he had a good faith belief that he reported violations of law to the appropriate law enforcement authorities. "Good faith," in the context of an appropriate law enforcement authority, means that "(1) the

2. Vela claimed in his appellate brief that he reported violations of the City of Houston Building and Electric Codes, and the National Electric Code, but when asked during his deposition about violations of those laws, Vela conceded that the MC cable did not violate the National Electric Code (CR at 31, p. 66, ll. 16–18). He also could not articulate how MC cable violated the Houston Electric Code, which sections of the code were violated, nor how the alleged violations resulted in danger to the public. (CR at 30–31, p. 65–66).

employee believed the governmental entity was authorized to (a) regulate under or enforce the law alleged to be violated in the report, or (b) investigate or prosecute a violation of criminal law; and (2) the employee's belief was reasonable in light of the employee's training and experience." *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 321 (Tex.2002).

It is undisputed that Vela reported the use of MC cable to several city employees including his supervisor, a human resources manager, the deputy director of aviation, the director of aviation, the Hobby Airport manager, and a master electrician. However, once informed that the appropriate law enforcement authority for receiving his complaint about the MC cable was the Office of Inspector General (OIG), Vela failed to make a report with the OIG until after he was indefinitely suspended by the City.[3]

Vela may have believed in good faith that he was reporting the alleged violations of law to the appropriate law enforcement authorities, but once he was informed that the proper procedure was to file a report with the OIG, he should have done so. Vela could not have acted in good faith by not filing a report with the OIG when he had actual knowledge that it was the appropriate law enforcement authority for reporting the use of the MC cable. Accordingly, because Vela was unable to establish a good faith belief that he reported the use of the MC cable to an appropriate law enforcement authority, we hold that the trial court properly granted the City's motion for summary judgment with regard to this issue. We overrule Vela's second issue.

**Causation**

In his third issue, Vela claims that he established a causal link between the whistleblowing and his termination. The City contends that it terminated Vela based on information, observation, or evidence that was not related to the fact that Vela reported an alleged violation of law.

■ An employee suing under the Act must prove that, without the reports of violations of law, the retaliatory conduct would not have occurred when it did. *See Texas Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 636 (Tex.1995). In other words, the plaintiff must establish a "but for" causal nexus between the protected activity and the employer's prohibited conduct. *Gold v. City of College Station*, 40 S.W.3d 637, 646 (Tex.App.-Houston [1st Dist.] 2001, no pet.). The plaintiff need not establish, however, that the protected activity was the sole cause of the employer's prohibited conduct. *See Hinds*, 904 S.W.2d at 636.

■ Circumstantial evidence may be sufficient to establish a causal link between the adverse employment action and the reporting of illegal conduct. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450–51 (Tex.1996). Such evidence includes: (1) knowledge of the report of illegal conduct, (2) expression of a negative attitude toward the employee's report of the conduct, (3) failure to adhere to established company policies regarding employment decisions, (4) discriminatory treatment in comparison to similarly-situated employees, and (5) evidence that the stated reason for the adverse employment action was false. *See id.* at 451. Evidence that an adverse employment action was preceded by a superior's negative attitude toward

---

**3.** In his deposition, Vela claims to have made calls to OIG to ask the generic question "Is it illegal for a contractor to continue to do work and not follow the specification?" Vela has no documentation of this call, nor could he remember whom he spoke with at OIG.

an employee's report of illegal conduct is not enough, standing alone, to show a causal connection between the two events. *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex.2000).

▬ Here, the City explained that, even assuming Vela's allegations were true, it "would have indefinitely suspended Vela anyway" because he falsified City records by submitting altered meal receipts and failed to follow City policies. Moreover, Vela acknowledged that he submitted receipts that contained charges for alcoholic beverages. He also testified that he used correction fluid to "white-out" the receipts to hide the alcohol purchases. Vela did not deny that he submitted receipts for reimbursement which included alcohol purchases. He only stated that it was an "oversight." Furthermore, the City and Vela both acknowledge that the City terminated Ellis for the exact same reason it terminated Vela and at the same time. Vela has not presented a scintilla of evidence to refute the City's reason for his termination. Accordingly, because Vela was unable to establish a causal nexus between any protected activity and any prohibited activity by the City, we hold that the trial court properly granted the City's motion for summary judgment with regard to this issue. We overrule Vela's third issue.

### Conclusion

Because we hold that Vela did not produce evidence raising a genuine issue of material fact on each of these issues, we affirm the judgment of the trial court.