**DALLAS AREA RAPID TRANSIT,**
**Appellant,**

v.

**Barbara CARR, Appellee.**

**No. 05–09–00786–CV.**

Court of Appeals of Texas,
Dallas.

April 6, 2010.

Higinio (Gene) Gamez, Assistant General Counsel, Dallas, TX, for Appellant.

John E. Richards, Richard & Valdez, Dallas, TX, for Appellee.

Before Justices MORRIS, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice O'NEILL.

The trial court denied Dallas Area Rapid Transit's (DART) plea to the jurisdiction. In a single issue, DART asserts the trial court did not have subject matter jurisdiction of this case because appellant Barbara Carr failed to state a violation under Texas Government Code section 554, commonly referred to at the Texas Whistleblower Act (the "Act"). We reverse the trial court's judgment and dismiss the lawsuit with prejudice.

## Background

Appellant Barbara Carr was employed by DART as a bus operator. On October 25, 2006, during a stop on one of her routes, a man approached the bus, spoke to her in an aggressive tone, used a racial epithet, and pulled a knife on her. She closed the bus door and notified a DART dispatch operator. The DART police caught the man and rather than arresting him, they issued a disorderly conduct citation.

After Carr learned the man was not arrested, she went to a DART board meeting and discussed her displeasure with the situation. She claimed if she had pulled a knife on someone, she would have been arrested. Following the meeting, an investigation was opened to review the officer's actions. The investigation ultimately concluded "officers at the scene make split second decisions that later, after further thought and deliberation may be second guessed, however, here ranking officers made a decision and resolved this incident with the information they had on hand at the time." The investigation ultimately determined "classification for this Administrative Review by the Office of Professional Standards is 'Unfounded.'" (Emphasis in original.)

On June 11, 2007, Carr was involved in another physical confrontation with a passenger. As a result of the incident, the passenger filed a complaint with DART police. After another independent investigation, DART terminated Carr for unacceptable conduct and work place violence. Carr invoked DART's employee grievance procedures and was later reinstated.

Carr then filed suit against DART under the Act. In her First Amended Original Petition, Carr asserted the following:

> Carr in good faith complained to the Board of Directors of DART concerning a violation of the law of an employee of DART, to wit, of the dereliction of duty of one of DART's police officers. Said complaint was protected activity under Chapter 554 of the Texas Government Code. Carr also reported an assault on her person by a passenger and was terminated related to the assault.

The City filed a plea to the jurisdiction asserting Carr was simply trying to avoid dismissal by "artfully pleading" around the statute. Specifically, DART argued Carr failed to state a violation of law under the Act, and her claim was in fact a claim for negligence for which DART retained immunity from suit.

The trial court denied DART's plea to the jurisdiction on June 23, 2009. This interlocutory appeal followed.

## Standard of Review

 A party may challenge the trial court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). Whether the trial court has subject-matter jurisdiction is a question of law, which we review de novo. *Id.* at 226. In conducting our review, we construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.* at 226–27. We consider the pleadings and evidence pertinent to the jurisdictional inquiry. *Id.; City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686 (Tex.App.-Dallas 2003, pet. denied). The plaintiff has the burden to plead facts affirmatively showing the trial court has subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 226. If the evidence creates a fact issue concerning jurisdiction, the plea to the jurisdiction must be denied. *Miranda*, 133 S.W.3d at 227–28.

## Applicable Law

Agencies like DART are immune from suit and liability in Texas unless the legislature expressly waives sovereign immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex.2009).[1] The immunity provision of the Whistleblower Act states:

> A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for violation of this chapter.

Tex. Gov't Code Ann. § 554.0035 (Vernon 2004).

In *State v. Lueck*, the Supreme Court of Texas recently determined what a party must plead to succeed on a claim under the Act. *See Lueck*, 290 S.W.3d at 881. Section 554.002(a) provides that "a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law...." Tex. Gov't Code Ann. § 554.002(a) (Vernon 2004).

The *Lueck* court determined there are but two jurisdictional requirements under section 554.0035. *Lueck*, 290 S.W.3d at 881. For the government's immunity to be waived, the plaintiff must (1) be a public employee and (2) allege a violation *of this*

---

1. No one disputes that DART is a governmental unit for purposes of immunity under the Act.

*chapter. Id.* (Emphasis in original.) Thus, it necessarily follows that a party must actually allege a violation of the Act for there to be waiver from suit. *Id.* As such, the elements under section 554.002 must be considered in order to ascertain what constitutes a violation and whether a party has alleged said violation. *Id.*

The Act defines "law" as "a state or federal statute, an ordinance of a legal governmental entity, or a rule adopted under a statute or ordinance." TEX. GOV'T CODE ANN. 554.001(1) (Vernon 2004). However, there is no requirement an employee identify a specific law when making a report. *Tex. Dep't of Criminal Justice v. McElyea*, 239 S.W.3d 842, 849 (Tex.App.-Austin 2007, pet. denied). Nor does an employee need to establish an actual violation of law. *Id.* However, there must be some law prohibiting the complained-of conduct to give rise to a whistleblower claim, otherwise, any complaint, grievance, or misconduct could support a claim. *Id.*; *see also Llanes v. Corpus Christi Indep. Sch. Dist.*, 64 S.W.3d 638, 642–43 (Tex. App.-Corpus Christi 2001, pet. denied); *see, e.g., Vela v. City of Houston*, 186 S.W.3d 49, 53 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (trial court correctly granted summary judgment in favor of city under the Act because plaintiff failed to cite to any building or electrical code, provision, or law he believed the city violated). In other words, when an employee believes and reports in good faith that a violation has occurred, but is wrong about the legal effect of the facts, he is nonetheless protected by the statute. *McElyea*, 239 S.W.3d at 850.

## Analysis

Because Carr has the burden to plead facts affirmatively showing the trial court had subject-matter jurisdiction, we begin by analyzing her first amended orig-inal petition. *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 226. She specifically pleaded "Carr in good faith complained to the Board of Directors of DART concerning a violation of the law of an employee of DART, to wit, of the dereliction of duty of one of DART's police officers."

DART's plea to the jurisdiction contains evidence of Carr's deposition testimony and a transcript of her complaint to the DART board of directors during a November 14, 2006 hearing. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000) (noting reviewing court may consider evidence and must do so when necessary to resolve the jurisdictional issues raised). During the November 14 meeting, Carr repeatedly said the transit police had a "manpower shortage." She also expressed her dismay at the police for writing a disorderly conduct ticket when a man pulled a knife on her because "if I was to pull a knife in this room on anybody I would be—either be terminated and hauled off to jail."

During her deposition, when repeatedly asked what violation of law she was complaining about, she said "it was a dereliction of their duty to take this guy to jail. That is their duty, is to serve and protect, and they did not do that … they should have arrested him."

Based on these allegations, we conclude Carr failed to establish the officer violated a law requiring protection under the Act. Her statements to the DART board of directors do not allege any violations of law. At most, her complaint about "manpower shortage" pertains to internal personnel staffing policies and procedures. Potential violations of internal policies are not violations of law the Act is designed to protect. *See Lueck*, 290 S.W.3d at 885; *Vela*, 186 S.W.3d at 53.

Further, her claims of dereliction of duty for failing to serve and protect and failing to arrest do not establish a violation of law. If, how, and when to arrest a suspect is within a police officer's discretion. *City of Dallas v. Half Price Books, Records, Magazines, Inc.,* 883 S.W.2d 374, 376 (Tex.App.-Dallas 1994, no writ). Further, an officer owes no duty to a specific plaintiff to arrest a suspect. *Dent v. City of Dallas,* 729 S.W.2d 114, 116 (Tex.App.-Dallas 1986, writ ref'd n.r.e.) (duty is to public at large). It follows Carr cannot establish a violation of law where an officer has exercised his discretion to issue a citation for disorderly conduct rather than arrest the suspect, even though Carr may believe the officer should have done something more. *See* Tex.Crim. Proc. Ann. art. 14.06(b) (Vernon 2005) (officer has discretion to issue a citation for a Class C misdemeanor rather than taking the offender before a magistrate).

Carr asserts two provisions of the code of criminal procedure support her whistle-blower claim: article 2.13 and article 6.05. Both of these sections discuss an officer's duty to preserve the peace and prevent injury. Tex.Code Crim. Proc. Ann. arts. 2.13, 6.05 (Vernon 2005). However, as noted above, an officer has no specific duty to an individual to arrest a suspect and has discretion in carrying out his duties. Here, the officer issued a disorderly conduct citation and handled the situation in a way that preserved the peace and prevented injury. The fact that Carr disagrees with the officer's actions does not mean her allegations encompass a "violation of law" envisioned under the Whistleblower Act. Thus, Carr failed to plead facts affirmatively showing the trial court had subject-matter jurisdiction. *Miranda,* 133 S.W.3d at 226. As such, the trial court erred in denying the City's plea to the jurisdiction.

We reverse the trial court's order denying the City's plea to the jurisdiction and dismiss Carr's lawsuit with prejudice.