

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00021-CV

**BELL COUNTY, TEXAS,**

Appellant

 **v.**

**TOM KOZENY,**

Appellee

**From the 52nd District Court
Coryell County, Texas
Trial Court No. COT-10-39715**

## MEMORANDUM OPINION

Appellee Tom Kozeny sued Appellant Bell County, asserting a Whistleblower claim. The trial court denied Bell County's plea to the jurisdiction. Asserting one issue, Bell County appeals. We will reverse and remand.

A county's immunity from suit defeats a trial court's subject-matter jurisdiction; thus, it is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Whether the trial court has subject-

matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

> A plea to the jurisdiction seeks to dismiss a case for want of jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). When reviewing whether a plea was properly granted [or denied], we first look to the pleadings to determine if jurisdiction is proper, construing them liberally in favor of the plaintiffs and looking to the pleader's intent. *Id.* at 226. The allegations found in the pleadings may either affirmatively demonstrate or negate the court's jurisdiction. *Id.* at 226-27. If the pleadings do neither, it is an issue of pleading sufficiency and the plaintiff should be given an opportunity to amend the pleadings. *Id.*

*City of Waco v. Kirwan*, 298 S.W.3d 618, 621-22 (Tex. 2009). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227. The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We accept the pleading's factual allegations as true. *Miranda*, 133 S.W.3d at 226.

"The Texas Whistleblower Act protects public employees who in good faith report violations of law to an appropriate law-enforcement authority." *Tex. Dep't of Human Servs. v. Okoli*, --- S.W.3d ---, ---, 2014 WL 4116807, at *1 (Tex. Aug. 22, 2014) (citing TEX. GOV'T CODE ANN. § 554.002(a) (West 2012)). The Act waives sovereign immunity "to the extent of liability for the relief allowed under this chapter for a violation of this chapter." TEX. GOV'T CODE ANN. § 554.0035 (West 2012). The standard

for a "violation of this chapter" appears in Section 554.002. *State v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009). Section 554.002 provides:

> (a) A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.
>
> (b) In this section, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:
>
>> (1) regulate under or enforce the law alleged to be violated in the report; or
>> (2) investigate or prosecute a violation of criminal law.

TEX. GOV'T CODE ANN. § 554.002. The elements of Section 554.002(a) can be considered as jurisdictional facts when it is necessary to resolve whether a plaintiff has alleged a violation under the Act; *i.e.*, the plaintiff "must actually allege a violation of the Act for there to be a waiver from suit." *Lueck*, 290 S.W.3d at 881.

In its sole issue, Bell County asserts that Kozeny failed to plead a violation of a specific law[1] and failed to plead that his report of the violation was made to an appropriate law-enforcement authority. In his live (second amended) petition, Kozeny pleaded that he was an employee of Bell County (specifically, the Bell County Juvenile Center) and had been "tasked with investigating the alleged falsification of training records submitted to the State of Texas for licensing of Bell County employees." He alleged that on November 9, 2009, he and two other county employees met with Bell

---

[1] In its second amended plea to the jurisdiction, Bell County asserted: "Plaintiff's Complaint fails to meet the requirements of such act as he failed to report a violation of criminal law subject to criminal penalties. Thus, Plaintiff is not asserting a valid cause of action under such act."

County's First Assistant District Attorney "regarding the falsification of training records, which is a crime." According to Kozeny, the First Assistant District Attorney "discussed at length the criminal aspects of falsification of such records and possible prosecutions." Kozeny alleged that his employment was terminated on January 4, 2010, within ninety days of his report. See TEX. GOV'T CODE ANN. § 554.004(a) (West 2012) (providing that "if the suspension or termination of, or adverse personnel action against, a public employee occurs not later than the 90th day after the date on which the employee reports a violation of law, the suspension, termination, or adverse personnel action is presumed, subject to rebuttal, to be because the employee made the report").

The determination of who is an appropriate law-enforcement authority is a question of law. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Plainly, if Kozeny pleaded that he reported a violation of a state criminal law by one or more Bell County employees by reporting it to the Bell County First Assistant District Attorney, then Kozeny reported to an appropriate law-enforcement authority because a district attorney is an "authority … authorized to … investigate or prosecute a violation of criminal law" and satisfied this element of his whistleblower claim.[2] TEX. GOV'T CODE ANN. § 554.002(b)(2); *see Town of Flower Mound v. Teague*, 111 S.W.3d 742, 755 & n.10 (Tex. App.—Fort Worth 2003, pet. denied) (citing TEX. CODE CRIM. PROC. ANN. art. 2.01 (setting forth duties of district attorneys)). This leads to the crux of Bell County's appeal: it contends that Kozeny's pleading did not specify the criminal law allegedly

---

[2] Because of Kozeny's report to the First Assistant District Attorney and because of our disposition, we need not address Kozeny's pleaded report to the Texas Juvenile Probation Commission.

violated and then did not show that the district attorney was the appropriate law-enforcement authority to investigate or prosecute that alleged violation of criminal law.

In his report, Kozeny was not required to identify a specific law when making his report, *Dallas Area Rapid Transit v. Carr*, 309 S.W.3d 174, 177 (Tex. App.—Dallas 2010, pet. denied), but in the trial court, Kozeny is required to identify the specific law that he alleges was violated so that the trial court can determine its own jurisdiction. *Mullins v. Dallas ISD*, 357 S.W.3d 182, 188-89 (Tex. App.—Dallas 2012, pet. denied). Otherwise, "any complaint, grievance, or misconduct could support a claim." *Carr*, 309 S.W.3d at 177.

In this case, Kozeny's live pleading asserted only the "falsification of training records to the State of Texas for licensing of Bell County employees [Bell County Juvenile Center]," "which is a crime." This conclusory statement does not satisfy the requirement that Kozeny identify to the trial court the specific law or laws that he alleges were violated. We sustain in part Bell County's issue; the trial court should have granted Bell County's plea to the jurisdiction. We vacate the trial court's order denying Bell County's plea. We next address the proper disposition of this case, given that the trial court had denied the plea to the jurisdiction.[3]

---

[3] Before the hearing on Bell County's plea to the jurisdiction, but after the trial court's scheduling-order deadline for filing amended pleadings, Kozeny filed a Third Amended Petition that identifies specific penal code provisions that were allegedly violated. Before denying Bell County's plea to the jurisdiction, the trial court granted Bell County's motion to strike the Third Amended Petition. In a putative cross-point, Kozeny complains that the trial court should have denied the motion to strike, but Bell County claims that, because Kozeny did not file a cross-notice of appeal, the cross-point is not before us. *See, e.g., Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004) (citing and quoting Rule of Appellate Procedure 25.1(c)). Because Kozeny was not seeking to alter the trial court's order denying Bell County's plea to the jurisdiction, he was not required to file a cross-notice of appeal. *See* TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."); *McAllen*

In *Texas A & M Univ. Sys. v. Koseoglu*, the Texas Supreme Court generally agreed with us that a plaintiff deserves a reasonable opportunity to amend his pleadings after a court grants a jurisdictional plea, unless the pleadings affirmatively negate the existence of jurisdiction. 233 S.W.3d 835, 839 (Tex. 2007). The court rejected the proposed rule that the plaintiff's opportunity to amend arises when the governmental entity files its plea, which puts the plaintiff on notice of alleged defects in his pleadings; such a "rule would essentially allow governmental entities the unjust advantage of being not only a litigant, but also the judge of the plaintiff's pleadings." *Id.* at 839-40; *see Strode v. Tex. Dep't of Crim. Just.*, 261 S.W.3d 387, 393 (Tex. App.—Texarkana 2008, no pet.) ("if the jurisdictional defects are curable through amendment, the plaintiff should be given the opportunity to amend when an appellate court determines a plea to the jurisdiction should have been sustained").[4]

Kozeny's pleadings do not negate jurisdiction of his Whistleblower claim, and he has demonstrated that the pleading defect is curable. Also, in addition to the supreme

---

*Hospitals, L.P. v. Ontiveros*, No. 13-11-00512-CV, 2012 WL 3761981, at \*2 (Tex. App.—Corpus Christi Aug. 30, 2012, pet. denied) (mem. op.) ("On its face, Rule 25.1(c) does not require Ontiveros to file a notice of appeal, because she was not seeking to alter the trial court's order denying McAllen Medical Center's motion to dismiss, which is the subject of this appeal."). And under Rule 25.1(c) and longstanding case law, an appellee need not file a notice of appeal to assert a cross-point to request relief in the event of reversal. *See* TEX. R. APP. P. 25.1(c); *Oak Park Townhouses v. Brazosport Bank*, 851 S.W.2d 189, 190 (Tex. 1993); *see also Martinez-Partido v. Methodist Specialty & Transplant Hosp.*, 267 S.W.3d 881, 882 (Tex. 2008) ("A party seeking affirmance need not request the lesser included relief of remand.").

[4] Bell County cites *Roskey v. Continental Cas. Co.* in support of its argument that Kozeny should not be given an opportunity to amend his pleadings, but *Roskey* predates *Koseoglu*. 190 S.W.3d 875, 881 (Tex. App.—Dallas 2006, pet. denied). And *Wang v. Univ. of Tex.* is distinguishable; there, the court found that the trial court properly granted the jurisdictional plea without allowing the plaintiff to amend because amendment was futile. No. 04-13-00065, 2013 WL 5570824, at \*3 (Tex. App.—San Antonio Oct. 9, 2013, no pet.) (mem. op.) ("In any event, the trial court properly granted the plea to the jurisdiction without allowing Wang leave to amend her pleadings because the record reflects that the trial court lacked subject matter jurisdiction over Wang's claims, and thus amendment was futile.").

court's rule in *Koseoglu*, we note that "[g]reat care must be taken when addressing the important matter of a public whistleblower suit." *Tex. Dep't of Crim. Just. v. McElyea*, 239 S.W.3d 842, 848 (Tex. App.—Austin 2007, pet. denied). "The State of Texas elevates public employees who report legal wrongdoing to a protected status as a matter of fundamental policy. The State views whistleblowing by a public employee as a courageous act of loyalty to a larger community, and we allow whistleblowing public employees to be made whole through lawsuits against the State." *Tex. Dep't of Assistive & Rehabilitative Servs. v. Howard,* 182 S.W.3d 393, 396 (Tex. App.—Austin 2005, pet. denied).

Accordingly, having vacated the trial court's order denying Bell County's plea to the jurisdiction, we remand this case to the trial court for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray dissents with a note)*
Reversed and remanded
Opinion delivered and filed September 25, 2014
[CV06]

    *(Chief Justice Gray dissents. A separate opinion will not issue.)

