Affirmed in Part; Reversed and Rendered in Part; Reversed and Remanded in
Part; and Opinion filed December 7, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00282-CV

___________________

 

University of Texas M.D. Anderson Cancer
Center, Appellant

 

V.

 

Vicki M. King, Appellee



 



 

On
Appeal from the 215th Dist. Court

Harris County,
Texas



Trial Court Cause No. 2009-29122

 



 

 

OPINION

            In
this health care liability case, the University of Texas M.D. Anderson Cancer (“M.D.
Anderson”) appeals the denial of its assertions of immunity.  Because the plaintiff’s
pleadings are deficient, the trial court erred in denying M.D. Anderson’s plea
to the jurisdiction.  The plaintiff’s claim that her injuries were caused by
the improper use of a hospital bed contains insufficient facts to demonstrate
the presence or absence of jurisdiction; we therefore remand that claim to the
trial court to allow the plaintiff an opportunity to amend.  We dismiss with
prejudice the remainder of plaintiff’s claims because her pleadings affirmatively
demonstrate the absence of jurisdiction.  Finally, we conclude that the trial
court did not abuse its discretion in determining that there had been
inadequate time for discovery; thus, we affirm the denial of M.D. Anderson’s
no-evidence motion for summary judgment.  

I.  Factual and Procedural
Background

            While
undergoing chemotherapy at M.D. Anderson on May 10, 2007, Vicki King sustained
a broken arm and a torn rotator cuff.  Two years later, she filed this health
care liability claim.  M.D. Anderson responded with a plea to the jurisdiction
asserting that King failed to allege facts constituting a waiver of M.D. Anderson’s
sovereign immunity.[1] 
The plea was not set immediately for hearing.  In the meantime, the trial court
issued a docket control order specifying that King was to designate her expert
witnesses by February 2, 2010, and that the parties were to complete discovery
and amend pleadings not later than April 16, 2010.

            On February
10, 2010, M.D. Anderson filed a supplemental plea to the jurisdiction in which
it pointed out that King had designated no expert witness to opine that her
injuries were caused by the use of tangible personal property, and the deadline
for King to designate additional experts had passed.  At the same time, M.D.
Anderson filed a no-evidence motion for summary judgment.  One month later,
King filed an amended petition and M.D. Anderson filed a second supplemental
plea to the jurisdiction asserting that King’s latest pleading added only sham
allegations in an attempt to wrongfully confer jurisdiction.  Both the supplemented
plea to the jurisdiction and the summary-judgment motion were scheduled for a
hearing to take place on March 26, 2010.  King failed to timely respond to the
summary-judgment motion[2]
and filed no response at all to the plea to the jurisdiction. 

            At the
hearing, King’s counsel requested a continuance, asserted that discovery was
ongoing, and argued that there had been inadequate time to complete discovery.  The
trial court did not continue the hearing, but instead denied both M.D.
Anderson’s plea to the jurisdiction and its summary-judgment motion, stating, “If
I can look at the evidence, I got to wait until the discovery period is over.” 
M.D. Anderson brings this interlocutory appeal to challenge those rulings.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8) (Vernon 2008).

II.  Issues Presented

            In its first
issue, M.D. Anderson contends that the trial court erred in denying its plea to
the jurisdiction and no-evidence motion for summary judgment as to
(a) King’s claims based upon alleged errors in medical judgment, and
(b) her claims that are not based on allegations that her injuries were
caused by the use of tangible personal property.  In its third issue, M.D.
Anderson asserts that it is entitled to summary judgment because King failed to
present evidence that a paid M.D. Anderson employee proximately caused her
injuries by negligently using tangible personal property or negligently
furnishing defective tangible personal property.  M.D. Anderson argues in its
second issue that because King failed to produce such evidence, the trial court
erred in denying M.D. Anderson’s plea to the jurisdiction as well as its
no-evidence motion for summary judgment.

III.  Analysis

            King asserted in her pleadings that, upon
information and belief, M.D. Anderson is “an instrumentality of the State of
Texas”—i.e., a governmental entity.  Such entities are entitled to immunity from
suit for personal injuries unless immunity has been waived, and the claimant
bears the burden to plead facts demonstrating a waiver of immunity.  County
of Cameron v. Brown, 80 S.W.3d 549, 554–55 (Tex. 2002).  Here, King
asserted that the trial court could properly exercise jurisdiction because
immunity had been waived under the Texas Tort Claims Act.  See Tex. Civ. Prac. & Rem. Code Ann. §
101.021 (Vernon 2005) (waiving immunity from suit to the extent of liability
for personal injury or death caused by a governmental employee’s negligent use
of a motor-driven vehicle or motor-driven equipment; the condition or use of
real property; or the condition or use of tangible personal property).  Specifically,
King asserted that immunity was waived as to her claims because they involved
personal injuries caused by a condition or use of tangible personal property.  See
id. § 101.021(2).  Thus, no other basis for waiver of immunity is at
issue.

            In both its
plea to the jurisdiction and its summary-judgment motion, M.D. Anderson argued
that (a) King did not properly plead that her injuries were caused by the
condition or use of tangible personal property, and (b) no evidence supports
any such allegation.  In its plea to the jurisdiction, however, M.D. Anderson
addressed King’s alleged pleading deficiencies in greater detail, while it
asserted its evidentiary challenge with greater specificity in its
summary-judgment motion.  For clarity, we have followed the same structure.

A.        Plea to the
Jurisdiction

            We review de
novo a trial court’s ruling on a plea to the jurisdiction.  Tex. Dep’t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  When the
sufficiency of the pleadings is challenged, the trial court, by construing the
pleadings liberally and looking to the pleader’s intent, determines if the
facts alleged affirmatively demonstrate its jurisdiction to hear the case.  See
id.  If the pleadings contain insufficient factual allegations to affirmatively
demonstrate the trial court’s jurisdiction but do not affirmatively demonstrate
incurable jurisdictional defects, then the plaintiff must be afforded the
opportunity to amend.  Id. at 226–27.  Claims that are incurably
defective or affirmatively negate the existence of jurisdiction may be
dismissed without allowing the plaintiff an opportunity to amend.  Tex. A
& M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 840 (Tex. 2007); Miranda,
133 S.W.3d at 227.  

            Just as the
parties have done, we separately address King’s various factual allegations.

            1.         Specific
Allegations of Failure to Act

            M.D. Anderson first points out that the
following allegations in King’s live pleading are not based on any recognized
waiver of immunity under the Texas Tort Claims Act: 

Specifically, M.D. Anderson by and through its actual and
ostensible agents, employees, vice principals, and borrowed servants, failed to
use the ordinary care and diligence that reasonable and prudent health care
providers would have employed under the same or similar circumstances and was
negligent by, among other acts and omissions, the following:

a.         Failing
to develop, employ, monitor and follow appropriate policies and procedures with
regard to the assessment, treatment, management and oversight of patients such
as Plaintiff; 

b.         Failing
to assure the competence of medical staff;

c.         Failing
to monitor and oversee the quality of treatment rendered by medical staff members
to Plaintiff; 

d.         Failing
to properly investigate, inspect and adequately monitor the credentials of each
of the physicians and nurses who rendered services to Plaintiff; 

e.         Failing
to develop, employ and monitor policies and procedures for the nursing staff to
utilize the chain of command;

f.          Failure
by the nurses employed by M.D. Anderson to initiate the chain of command to
prevent exacerbation of Plaintiff’s injuries;

g.         Failure
by the nurses employed by M.D. Anderson to assure the Plaintiff was lying flat
in bed in a supine position prior to moving Plaintiff; 

h.         Failure
by the nurses employed by M.D. Anderson to assure Plaintiff’s body was aligned
prior to moving Plaintiff; 

i.          Failure
by the nurses employed by M.D. Anderson to use care when moving Plaintiff; 

j.          Failure
by the nurses employed by M.D. Anderson to use a draw sheet and/or pad underneath
Plaintiff when moving Plaintiff; and 

k.         Failure
by the nurses employed by M.D. Anderson to move Plaintiff without causing a
right humerus fracture and rotator cuff tear.

            M.D.
Anderson is correct: these allegations are not based upon the negligent use of
tangible personal property.  There is no waiver of immunity under the “tangible
personal property” provision of the Texas Tort Claims Act for injuries
proximately caused by the negligent (1) exercise of medical judgment,[3] (2) use or
misuse of information,[4]
(3) failure to act or to use property,[5]
(4) failure to supervise,[6]
(5) failure to investigate,[7]
(6) failure to monitor,[8]
or (7) failure to recognize or address the risk of falling.[9]  Moreover, these
allegations are incurably defective; King cannot cure them by pleading more
detailed facts to support her assertion that her injuries were caused by acts
or omissions such as those listed above.  See Koseoglu, 233 S.W.3d at
840.  Consequently, no purpose would be served by remanding these claims to the
trial court.  See Thomas v. Long, 207 S.W.3d 334, 338 (Tex. 2006).  With
respect to these claims, then, we sustain M.D. Anderson’s first issue, reverse
the trial court’s denial of the plea to the jurisdiction, and dismiss these
claims with prejudice.

            2.         Alleged
Use or Misuse of Medication

            King’s
remaining allegations are as follows:

During the course of her chemotherapy treatment, M.D.
Anderson’s staff . . . positioned Ms. King in a hospital
bed and administered medication that unnecessarily put Ms. King to sleep. 
While she was rendered unconscious by M.D. Anderson’s medication, M.D.
Anderson’s staff improperly used Ms. King’s hospital bed and as a result Ms. King
was dropped or her arm was pulled and jerked with such force as to cause a
right humerus fracture and rotator cuff tear.

. . .

At the time of Ms. King’s
injury, . . . M.D. Anderson’s medical staff was negligent
in misusing the medication that unnecessarily rendered Ms. King unconscious as
well as the hospital bed in which Ms. King was sleeping. . . . 
M.D. Anderson’s staff had a duty to exercise ordinary care and use Ms. King’s
medication and her hospital [sic] reasonably and prudently.  M.D. Anderson
breached this duty by using medication that unnecessarily rendered Ms. King
unconscious thereby leaving her defenseless, and using Ms. King’s hospital bed
in such a way as to put such stress on Ms. King’s right arm as to cause a bone
fracture and tear in Ms. King’s rotator cuff.

. . . 

M.D. Anderson’s use and misuse of Ms. King’s medication and
hospital bed was a proximate cause of Ms. King’s fractured right arm and torn
rotator cuff.

            Although
these allegations refer to the use or misuse of medication and a hospital bed, immunity
is not waived in every personal-injury case involving tangible personal
property.  Tex. Dep’t of Criminal Justice v. Miller, 51 S.W.3d 583, 588
(Tex. 2001).  Specifically, immunity is not waived if use of such property merely
furnished the condition that made the injury possible.  Arnold v. Univ.
of Tex. Sw. Med. Ctr. at Dallas, 279 S.W. 3d 464, 467–68 (Tex.
App.—Dallas 2009, no pet.).  Rather, use of tangible personal property must
actually have caused the injury.  Miller, 51 S.W.3d at 588.  

            Here, M.D.
Anderson has not waived immunity from suit as to King’s allegations that M.D.
Anderson’s employees administered medication that unnecessarily put her to
sleep or rendered her unconscious.  Even under the most liberal reading of
King’s pleading, the alleged use or misuse of medication merely furnished the
condition—King’s state of sleep or unconsciousness—that made the injury
possible.  To the extent that King’s claims are based on these allegations, the
trial court erred in failing to dismiss them with prejudice.  We therefore
sustain M.D. Anderson’s first issue in part, reverse the trial court’s denial
of the plea to the jurisdiction as to the “medication” allegations, and dismiss
them with prejudice.

            3.         Allegedly
Improper Use of Hospital Bed

            The only
possible remaining basis for King’s claims is found in the following
allegations:

M.D. Anderson’s staff . . . positioned
Ms. King in a hospital bed and . . . improperly used Ms.
King’s hospital bed and as a result Ms. King was dropped or her arm was pulled
and jerked with such force as to cause a right humerus fracture and rotator
cuff tear.

. . .

M.D. Anderson’s medical staff was negligent in misusing . .
. the hospital bed in which Ms. King was sleeping. . . .  M.D. Anderson’s
staff had a duty to exercise ordinary care and use Ms. King’s . . . hospital [sic]
reasonably and prudently.  M.D. Anderson breached this duty
by . . . using Ms. King’s hospital bed in such a way as to
put such stress on Ms. King’s right arm as to cause a bone fracture and tear in
Ms. King’s rotator cuff.

. . . 

M.D. Anderson’s use and misuse of Ms. King’s . . . hospital
bed was a proximate cause of Ms. King’s fractured right arm and torn rotator
cuff.

            In certain
narrow circumstances, immunity has been held to be waived for claims of
personal injury caused by the condition or use of a hospital bed.  Compare Overton
Mem’l Hosp. v. McGuire, 518 S.W.2d 528, 529 (Tex. 1975) (per curiam)
(government-owned hospital was not entitled to immunity from the claims of a
patient injured by falling from a bed that was negligently provided without
guard rails) with Gainesville Mem’l Hosp. v. Tomlinson, 48 S.W.3d 511,
513–14 (Tex. App.—Fort Worth 2001, pet. denied) (no waiver of immunity for
patient’s claim that she fell when a hospital misused a bed by allowing her to
sit on it without adequate supervision); see also San Antonio State Hosp. v.
Cowan , 128 S.W.3d 244, 246–47 (Tex. 2004) (explaining that in Overton,
the hospital “actually put the patient in the bed as part of his
treatment”); Tex. A&M Univ. v. Bishop, 156 S.W.3d 580, 584 (Tex.
2005) (explaining that Overton’s precedential value is limited to
situations in which “an integral safety component is entirely lacking rather
than merely inadequate”).  King’s allegations, however, contain insufficient
facts to affirmatively demonstrate the trial court’s jurisdiction or to
affirmatively demonstrate incurable jurisdictional defects.  Regardless of how
liberally one interprets her pleadings, it is impossible to tell whether King
contends that she fell and was injured because M.D. Anderson’s staff placed her
as part of her treatment in a hospital bed lacking an integral safety
component, see Overton, or whether she contends she was injured because
M.D. Anderson personnel were negligent in moving or positioning her.  See
Salinas v. City of Brownsville, No. 13-08-00146-CV, 2010 WL 672885, at *5
(Tex. App.—Corpus Christi Feb. 25, 2010, no pet.) (holding no waiver of
immunity for injuries sustained when the plaintiff fell from a washing machine on
which emergency medical technicians had placed her for evaluation).  She
therefore is entitled to the opportunity to amend her pleadings.  See
Miranda, 133 S.W.3d at 226–27.[10] 


            We sustain M.D.
Anderson’s first issue as it pertains to King’s allegations that she was
injured by the use or misuse of a hospital bed, and we remand such claim to the
trial court so that King may amend her pleading to address the factual
deficiency identified above.  

B.        Motion for
Summary Judgment

            King argues
that we do not have interlocutory appellate jurisdiction to review the trial
court’s denial of summary judgment because M.D. Anderson affirmatively invoked
the trial court’s jurisdiction to request judgment on the merits of King’s
claims.  This argument, however, is not supported by the record, which instead
shows that M.D. Anderson moved for summary judgment on the grounds that there
is no evidence of the elements necessary to establish waiver of immunity. 
Specifically, M.D. Anderson asserted there was no evidence that (1) any of its
employees were negligent (2) in the use of tangible personal property
(3) that proximately caused King’s injuries.[11]  Thus, for the
purposes of determining whether the ruling on the motion is subject to an
interlocutory appeal, the motion was, in substance, a plea to the
jurisdiction.  See Thomas v. Long, 207 S.W.3d 334, 339 (Tex. 2006).  

            A party may
move for no-evidence summary judgment only “[a]fter adequate time for
discovery.”  Tex.R. Civ. P.
166a(i).  According to the comment to Rule 166a(i), “[a] discovery period set
by pretrial order should be adequate opportunity for discovery unless there is
a showing to the contrary, and ordinarily
a . . . [no-evidence motion for summary judgment] would be
permitted after the period but not before.”  Tex.R.
Civ. P. 166a(i) cmt.; McInnis v. Mallia, 261 S.W.3d 197, 200
(Tex. App.—Houston [14th Dist.] 2008, no pet.).  This comment was expressly
intended “to inform the construction and application of the rule.”  Tex.R. Civ. P. 166a(i) cmt.  Thus, under
the comment’s plain language, a trial court may choose not to entertain a
no-evidence motion for summary judgment filed before the discovery deadline in
the docket control order.  Cf. McInnis, 261 S.W.3d at 200–01
(characterizing a trial court’s consideration of a no-evidence motion for
summary judgment before the end of the discovery period as “an exception to the
ordinary rule”); see also Tex. R.
Civ. P. 166a(g) (authorizing a trial court to deny a motion for summary
judgment if there has been inadequate time for discovery).  

            In challenging
the trial court’s conclusion that there had been inadequate time for discovery,
M.D. Anderson urges us to presume that King investigated her case at least three
times: once before filing suit, once before filing her expert report pursuant
to section 74.351 of the Civil Practice and Remedies Code, and once again before
she finalized her designation of expert witnesses.  M.D. Anderson reasons that based
on these presumptions, this court “is within its discretion to conclude that
[King] had investigated her claims and there had been adequate time for
discovery.”  But the determination of whether there has been adequate time for
discovery lies within the trial court’s discretion, not this court’s
discretion.  See McInnis, 261 S.W.3d at 201.  We merely review the trial
court’s determination, considering factors such as (1) the nature of the
case, (2) the nature of the evidence necessary to controvert the motion,
(3) the length of time the case was active, (4) the amount of time
the motion was on file, (5) whether the movant had requested stricter
deadlines for discovery, (6) the amount of discovery that already had
taken place, and (7) whether the discovery deadlines in place were
specific or vague.  Id.  

            With regard
to these factors, M.D. Anderson points out that at the time it filed its
no-evidence motion for summary judgment, King’s health care liability claims
had been on file for nine-and-one-half months.  We note, however, that
discovery in a health care liability case is limited before the plaintiff
serves the defendants with expert reports,[12]
and M.D. Anderson moved for summary judgment five-and-one-half months after
King served her expert report and four-and-one-half months after challenges to
the expert report were resolved.  We further note that the docket control order
contained a specific discovery deadline, and 51 days remained in the discovery
period when M.D. Anderson moved for summary judgment.  M.D. Anderson cites no
evidence that it requested a shorter discovery period.  The summary-judgment
motion was heard thirty days after it was filed, and at the time the trial
court denied the motion, three weeks remained in the discovery period.

            M.D.
Anderson argues that further discovery would be pointless because King allowed
the expert-designation deadline to expire without designating an expert to
testify that her injuries were caused by an M.D. Anderson employee’s negligent
use of tangible personal property[13]
 This argument is based on M.D. Anderson’s assumption that because the deadline
to designate expert witnesses has passed, King is barred as a matter of law
from amending her expert designation or supplementing the report of her
currently-designated expert.  Such assumptions are incorrect.  See Tex. R. Civ. P. 193.6(b) (a party may
make an untimely amendment or supplementation of a discovery response if it
establishes that there was good cause for the delay or that the delay will not
unfairly surprise or unfairly prejudice the other parties); Tex. R. Civ. P. 193.6(c) (even if the
delay is not excused by good cause, lack of unfair surprise or prejudice, the
trial court may grant a continuance to allow the parties to conduct discovery
regarding information presented by the untimely discovery response).

            On this
record, we conclude that the trial court did not abuse its discretion in
determining that there had been inadequate time for discovery.  We therefore
overrule M.D. Anderson’s second and third issues as they pertain to the alleged
absence of evidence to establish waiver of immunity.

IV.  Conclusion

            We affirm
the trial court’s denial of M.D. Anderson’s no-evidence motion for summary
judgment; reverse its denial of the plea to the jurisdiction; dismiss King’s
claims that her injuries were caused by any M.D. Anderson’s employee’s failure
to act, exercise of medical judgment, or use or misuse of medication; and
remand the case to give King the opportunity to plead sufficient facts to allow
the trial court to determine whether King’s assertions concerning a hospital
bed adequately allege that her injuries were caused by the use of tangible
personal property.  

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.

 









[1] “Sovereign immunity” and
“governmental immunity” are sometimes treated as interchangeable terms.  See
Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 n.1 (Tex. 2006)
(op. on reh’g).  Sovereign immunity is available to the state and its agencies,
and governmental immunity is available to political subdivisions.  Harris
County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004). 





[2] King filed an untimely
response to the summary-judgment motion four days before the hearing.  Because
there is no basis in the record to conclude that the trial court granted leave
to file a late response, we presume that the trial court did not consider it.  Envtl.
Procedures, Inc. v. Guidry, 282 S.W.3d 602, 612 (Tex. App.—Houston [14th
Dist.] 2009, pet. denied).  





[3] Arnold v. Univ.
of Tex. Sw. Med. Ctr. at Dallas, 279 S.W. 3d 464, 469 (Tex.
App.—Dallas 2009, no pet.) (explaining that allegations of harm caused by
overly-large implants were allegations of an error in medical judgment, not an
allegation of the negligent use of tangible personal property).





[4] Univ. of Tex. Med.
Branch at Galveston v. York, 871 S.W.2d 175, 176 (Tex. 1994) (concluding
that immunity is not waived for harm resulting from errors or lapses in medical
documentation or failure to follow recommendations).





[5] Kerrville v. Clark,
923 S.W.2d 582, 584 (Tex. 1996) (holding that failure to administer an
injectable drug is a non-use of tangible property and does not fall under the
waiver provisions of the Texas Tort Claims Act); Univ. of Tex. Med. Branch v.
Thompson, 2006 WL 1675401 *3–4 (Tex. App.—Houston [14th Dist.] June 20,
2006, no pet.) (mem. op.) (finding no waiver of immunity for failure to make
timely use of medical diagnostic tools).





[6] Dallas Area Rapid
Transit v. Whitley, 104 S.W.3d 540, 543 (Tex. 2003) (holding that immunity
was not waived for bus driver’s alleged failure to supervise the public); see
also Univ. of Tex. Health Sci. Ctr. v. Schroeder, 190 S.W.3d
102 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that immunity is not
waived for injury or death caused by negligent supervision).





[7] Arnold, 279 S.W.3d
at 468–69 (holding that immunity is not waived for failure “to make the proper
pre-surgery investigation”).





[8] Somervell County Healthcare
Auth. v. Sanders, 169 S.W.3d 724, 728 (Tex. App.—Waco 2006,
no pet.) (explaining that failure to monitor is not a claim involving the
condition or use of tangible personal property).





[9] Id. at 727–28 (concluding
that immunity is not waived for failure to recognize or address the risk of
falling).





[10] M.D. Anderson argues
that because King amended her pleadings before the trial court denied the
summary-judgment motion and plea to the jurisdiction, she is not entitled to remand
to amend her pleadings.  We disagree.  See Koseoglu, 233 S.W.3d 839–40
(explaining that after a court decides a jurisdictional plea is
meritorious, a claimant is entitled to a reasonable opportunity to amend if the
pleading deficiency is curable).  





[11] M.D. Anderson
additionally moved for summary judgment based on the absence of allegations or
evidence that King’s injuries were caused by its employees’ negligent use of a
motor-driven vehicle or motor-driven equipment, or by the condition or use of
real property.  The absence of such allegations and evidence, however, is
undisputed.  





[12] See Tex. Civ. Prac. & Rem. Code
§§ 74.351(s), 74.352.





[13] King’s designated
expert, Dr. Mark Koch, did not attribute her injuries to the use of tangible
personal property.  He instead opined only that the type of injuries Ms. King
sustained are usually caused by “a fall onto an outstretched arm,” and “may
have occurred as a result of a fall out of bed landing head-first with her arm
overhead or may have occurred by being hoisted up in bed while unconscious.”