ACCEPTED
01-14-00767-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/13/2015 11:42:54 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-767-CV

# In the First Court of Appeals
# Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/13/2015 11:42:54 AM
CHRISTOPHER A. PRINE
Clerk

**Shirley Lenoir, Individually and as Personal Representative of the Estate of Shana Lenoir and Christopher McKnight, Individually and as Next Friend of Nayla McKnight,**
*Appellants-Plaintiffs.*

**v.**

**U.T. Physicians,**
*Appellee-Defendant*,

On Accelerated Appeal From Cause No. 2012-35806
In the 164th Judicial District Court of Harris County, Texas
Honorable Alexandra Smoots-Hogan, Presiding Judge

### SUR-REPLY BRIEF OF APPELLEE U.T. PHYSICIANS

NORTON ROSE FULBRIGHT US LLP

David R. Iler
State Bar No. 10386480
david.iler@nortonrosefulbright.com
Warren S. Huang
State Bar No. 00796788
warren.huang@nortonrosefulbright.com
Jaqualine P. McMillan
State Bar No. 24082955
jaqualine.mcmillan@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246

KEN PAXTON
Attorney General of Texas
CHARLES E. ROY
First Assistant Attorney General
JAMES E. DAVIS
Deputy Attorney General for Civil Litig.
KARA L. KENNEDY
Chief, Tort Litigation Division

Jason Warner, Asst. Attorney General
State Bar No. 24028114
jason.warner@texasttorneygeneral.gov
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2197
Facsimile:  (512) 463-2224

*Counsel for Appellee-Defendant U.T. Physicians*

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**PAGE**

INDEX OF AUTHORITIES ........................................................................... ii

ARGUMENT ..............................................................................................1

     I.     The Lenoirs Waived Any Argument Based on Nurse Matthews' Alleged Administration of a Medication Different From the One Prescribed By Dr. Gonski ............................................................1

     II.    The Lenoirs Failed to Plead That Nurse Matthews Allegedly Administered a Different Medication From the One Prescribed By Dr. Gonski ..............................................................................2

     III.   The Lenoirs' New Negligence Theory Still Does Not Fall Within Any of the TTCA's Waiver of Immunity Provisions ..............7

     IV.   Allowing the Lenoirs to Make New Allegations in Their Reply Brief Would Promote Gamesmanship ...................................................9

CONCLUSION .........................................................................................9

CERTIFICATE OF COMPLIANCE .....................................................11

CERTIFICATE OF SERVICE ........................................................... 12

i

# INDEX OF AUTHORITIES

**PAGE(S)**

**CASES**

*City of N. Richland Hills v. Friend*,
370 S.W.3d 369 (Tex. 2012) ............................................................................7

*Dallas Area Rapid Transit v. Whitley*,
104 S.W.3d 540 (Tex. 2003) ............................................................................7

*Glattly v. Air Starter Components, Inc.*,
332 S.W.3d 620 (Tex. App.–Houston [1st Dist.] 2010, pet.
denied) ..............................................................................................................1

*Hunt Constr. Group, Inc. v. Konecny*,
290 S.W.3d 238 (Tex. App.–Houston [1st Dist.] 2008, pet.
denied) ..............................................................................................................1

*Kamel v. Univ. of Tex. Health Sci. Ctr. at Houston*,
333 S.W.3d 676 (Tex. App.–Houston [1st Dist.] 2010, pet.
denied) ..............................................................................................................8

*Mitcham v. Univ. of Tex. Med. Branch at Galveston*,
818 S.W.2d 523 (Tex. App.–Houston [14th Dist.] 1991, writ
denied) ..............................................................................................................8

*Univ. of Tex. Health Sci. Ctr. at Houston v. DeSoto*,
401 S.W.3d 319 (Tex. App.–Houston [14th Dist.] 2013, pet.
denied) ..............................................................................................................8

*Univ. of Tex. Med. Branch at Galveston v. Malveaux*,
2010 Tex. App. LEXIS 6054 (Tex. App.–Houston [14th Dist.]
July 29, 2010, pet. denied) ...............................................................................8

*Univ. of Tex. Med. Branch at Galveston v. Qi*,
402 S.W.3d 374 (Tex. App.–Houston [14th Dist.] 2013, no pet.) ..................8

*Univ. of Tex. Med. Branch at Galveston v. Tatum*,
389 S.W.3d 457 (Tex. App.–Houston [1st Dist.] 2012, no pet.)..................7, 9

*Zamarron v. Shinko Wire Co.*,
     125 S.W.3d 132 (Tex. App.–Houston [1st Dist.] 2003, pet.
     denied) ..............................................................................................1

**STATUTES & RULES**

TEX. R. APP. P. 33.1(a) ...........................................................................1

On April 3, 2015, Appellants-Plaintiffs Shirley Lenoir, Individually and as Personal Representative of the Estate of Shana Lenoir, and Christopher McKnight, Individually and as Next Friend of Nayla McKnight ("the Lenoirs") filed their Reply Brief on the Merits. In that brief, the Lenoirs argued for the first time in this litigation that U.T. Physicians waived sovereign immunity under the Texas Tort Claims Act ("TTCA") based on Nurse Angela Matthews' allegedly negligent administration of a medication different from the one prescribed by Dr. Leah Gonski ("Dr. Gonski") and that such alleged negligence proximately caused the Lenoirs' damages. Reply Br. at 13-15. U.T. Physicians files this sur-reply brief to show that the Lenoirs' new argument fails for the following reasons.

**I.     The Lenoirs Waived Any Argument Based on Nurse Matthews' Alleged Administration of a Medication Different From the One Prescribed By Dr. Gonski**

The Lenoirs' new argument that Nurse Matthews allegedly administered a different medication from the one prescribed by Dr. Gonski fails because the Lenoirs waived this argument by failing to raise it in the trial court[1] or in their opening brief in this appeal.[2] Specifically, the Lenoirs failed to assert such a

---

[1]     *See, e.g.*, TEX. R. APP. P. 33.1(a); *Hunt Constr. Group, Inc. v. Konecny*, 290 S.W.3d 238, 244-45 (Tex. App.–Houston [1st Dist.] 2008, pet. denied).

[2]     *See, e.g.*, *Glattly v. Air Starter Components, Inc.*, 332 S.W.3d 620, 639 n.3 (Tex. App.–Houston [1st Dist.] 2010, pet. denied); *Zamarron v. Shinko Wire Co.*, 125 S.W.3d 132, 139 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

1

negligence theory as a basis for waiver of U.T. Physicians' governmental immunity in their responses to U.T. Physicians' plea to the jurisdiction in the trial court (CR 71-108, 301-97), at the hearing on U.T. Physicians' plea to the jurisdiction in the trial court (RR 1-23), or in their opening brief in this appeal. Consequently, the Lenoirs' assertion of the argument for the first time in their reply brief on the merits in this appeal should not be considered by this Court.

**II.    The Lenoirs Failed to Plead That Nurse Matthews Allegedly Administered a Different Medication From the One Prescribed By Dr. Gonski**

The Lenoirs' new argument that Nurse Matthews allegedly administered a different medication from the one prescribed by Dr. Gonski also fails because the Lenoirs never pled such negligence theory in the trial court even though the trial court granted them the opportunity to amend their petition in response to U.T. Physicians' plea to the jurisdiction. CR 116-17. The absence of any such allegation in the Lenoirs' petition is substantiated by the expert report of Dr. Frank Battaglia that the Lenoirs filed in the trial court in which Dr. Battaglia never opined that Nurse Matthews negligently administered a different medication from the one prescribed by Dr. Gonski and that any such negligence proximately caused the Lenoirs' damages. First Supp. CR 19-29.

Instead, the Lenoirs' petition, expert report, and opening brief in this appeal expressly and unambiguously allege that Nurse Matthews: (1) injected the

medication that Dr. Gonski prescribed; and (2) was allegedly negligent in doing so because she should have known that (a) Dr. Gonski lacked the authority to administer (individually or by delegation) the medication or (b) the medication was contraindicated in light of Ms. Lenoir's medical condition. Resp. Br. 40-44. As U.T. Physicians conclusively established in its response brief, such allegations do not fall within the TTCA's waiver of immunity provisions. *Id*. at 44-57.

The Lenoirs' twisted interpretation of their own petition attempts to create a new allegation that Nurse Matthews administered a medication different from the one prescribed by Dr. Gonski. The Lenoirs cite Paragraphs 17 and 19 of their petition in support of this twisted interpretation (Reply Br. at 14), but those paragraphs merely state that: (1) "Plaintiffs allege that in the physician's orders, Gonski wrote, 'Progesterone shot IM weekly' and signed her name" (CR 121, ¶ 17); and (2) "Plaintiffs allege that a 250 mg injection of progesterone was administered to Shana Lenoir by Defendant ANGELA MATTHEWS, an LVN who signed her initials on the medical record" (CR 121, ¶ 19). Paragraphs 17 and 19's express and unambiguous language do not support an allegation that Nurse Matthews administered a medication different from the one prescribed by Dr. Gonski. Instead, they clearly only allege that Nurse Matthews administered "progesterone" just as Dr. Gonski ordered.

The Lenoirs also cite Paragraphs 38 and 39 of their petition to support an

3

allegation that "[a]lthough 17-alpha hydroxyprogesterone caproate (17P) has been used to prevent pre-term labor, this was not the drug Nurse Matthews injected into Shana Lenoir. … Instead, Nurse Matthews allegedly injected 17-hydroxyprogesterone (17-OHP), which is not the same medication." Reply Br. at 14 (citing CR 123, ¶¶ 38-39).[3] But Paragraphs 38 and 39 do not contain any such allegation that Dr. Gonski prescribed the particular type of progesterone called "17P."[4] As the Lenoirs specifically allege in Paragraph 17 of their petition, Dr. Gonski merely wrote "Progesterone shot IM weekly" in the physician's orders. Reply Br. at 14 (citing CR 121, ¶ 17). Moreover, nowhere in their petition do the Lenoirs allege that Nurse Matthews' purported administration of 17-OHP instead of 17P was negligent and proximately caused their damages. Instead, the Lenoirs allege that *progesterone* should not have been prescribed and administered because: (1) it was an off-label use of the drug (CR 123, ¶ 38); (2) it was allegedly contraindicated where Mrs. Lenoir was pregnant with twins (CR 124, ¶¶ 40-41, 44); and (3) it was medically unnecessary due to Mrs. Lenoir's advanced gestation (CR 124, ¶ 42).

---

[3]   Furthermore, U.T. Physicians does not agree that 17-alpha hydroxyprogesterone caproate (17P) and 17-hydroxyprogesterone (17-OHP) are different medications.

[4]   Paragraph 38 of the Lenoirs' petition states: "Plaintiffs allege that the progesterone injection administered to Shana Lenoir to prevent preterm labor was not an FDA-approved use of the drug and therefore, the prescription of the 17-hydroxyprogesterone (17-OHP) is considered an off-label use of the drug." CR 123. And Paragraph 39 of the Lenoirs' petition states: "Plaintiffs allege that although the American College of Obstetricians and Gynecologists (ACOG) has recommended the use of 17-alpha hydroxyprogesterone caproate (17P) for the prevention of pre-term labor, this is not the drug that was administered to Shana Lenoir." *Id.*

Finally, the Lenoirs misleadingly cite their allegation in Paragraph 46 that "Defendant ANGELA MATHEWS [sic] engaged in several acts and omissions constituting negligence including: … A. Administering an injection without a physician order." Reply Br. at 14-15 (citing CR 124, ¶ 46(A)). But that allegation does not support the Lenoirs' new theory that Nurse Matthews allegedly administered a medication different from the one prescribed by Dr. Gonski. The allegation, on its face, merely refers to allegations made earlier in the Lenoirs' petition that the injection of the medication was not ordered by a licensed physician. Specifically, allegations that: (1) Dr. Gonski "was not a 'physician' with the authority to order the progesterone injection administered by Defendant ANGELA MATHEWS or the authority to delegate the administration of the progesterone injection to Defendant ANGELA MATHEWS because Gonski only had a physician-in-training permit" (CR 122, ¶ 30); (2) Nurse Matthews allegedly administered the medication despite knowing that Dr. Gonski "was only a second year resident with a physician-in-training permit who was not being supervised by an attending physician" (CR 123, ¶ 36); and (3) Nurse Matthews "is considered to have been practicing medicine without a license by administering the progesterone injection to Shana Lenoir" (CR 123, ¶ 37).

The absence of any allegation in the Lenoirs' petition that Nurse Matthews negligently administered a different medication from the one prescribed by Dr.

Gonski is supported by the report of their expert Dr. Frank J. Battaglia. First Supp. CR 19-29. Nowhere in Dr. Battaglia's report does he opine that Nurse Matthews administered a medication different from the one prescribed by Dr. Gonski or that the administration of a medication different from the one prescribed by Dr. Gonski proximately caused the Lenoirs' damages. *Id*. Instead, as to the Lenoirs' allegations against U.T. Physicians, Dr. Battaglia merely opined that Nurse Matthews administered the medication without a valid order from a licensed physician:

> Angela Matthews, LVN injected the progesterone into Ms. Lenoir on April 8, 2010 without a valid order from a licensed medical physician. Thus, the standards of nursing care dictated that Angela Mathews, LVN should not have given the injection as ordered by Dr. Gonski, the physician in training, and/or sought approval or in this case disapproval, for said injection from a fully licensed member of the medical staff.

First Supp. CR 28.

Additionally, nowhere in Dr. Battaglia's report is there an assertion that Nurse Matthews negligently administered another type of progesterone from the one Dr. Gonski prescribed. In fact, Dr. Battaglia opined that no progesterone of any type should have been prescribed or administered. First Supp. CR 22-29 (*e.g.*, CR 24: "Thus, the standard of medical care dictate [sic] that Dr. Gonski should have never ordered the progesterone injection to Ms. Lenoir on April, 8, 2010").

Accordingly, based on the Lenoirs' actual allegations – as evidenced in their petition and supported by their own expert – the Lenoirs' allegations of medical

6

negligence are not for Nurse Matthews' administration of the wrong form of progesterone. And as previously shown in U.T. Physicians' briefing, the Lenoirs have failed to satisfy their burden to prove that their claims fall within the scope of the TTCA's waiver of immunity provisions. *See, e.g.*, *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (in determining whether a claim falls within the TTCA's waiver of immunity provisions, courts must "consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties"); *City of N. Richland Hills v. Friend*, 370 S.W.3d 369, 372-73 (Tex. 2012) (rejecting plaintiffs' attempt to artfully plead use of tangible personal property); *Univ. of Tex. Med. Branch at Galveston v. Tatum*, 389 S.W.3d 457, 462 (Tex. App.–Houston [1st Dist.] 2012, no pet.) (courts must "look to the true nature of the pleadings to determine whether a plaintiff's claims are an attempt to artfully plead around the requirements of the TTCA").

## III. The Lenoirs' New Negligence Theory Still Does Not Fall Within Any of the TTCA's Waiver of Immunity Provisions

But even if this Court concludes that the Lenoirs properly preserved and pled their new argument that Nurse Matthews allegedly administered a medication different from the one prescribed by Dr. Gonski, the Lenoirs' argument fails for a third reason – such argument, as the Lenoirs themselves characterize it, does not fall within the TTCA's waiver of immunity provisions. In their reply brief, the Lenoirs characterize their new negligence theory as follows: "Dr. Gonski's order

7

for the progesterone injection is quoted in ¶17 of the petition, but the order does not specify what kind of progesterone was supposed to be administered to Shana Lenoir. … Instead, Nurse Matthews decided on her own what progesterone to administer and it turned out not to be the right one." Reply Br. at 14. The Lenoirs' characterization of their new negligence theory establishes that it is based on Nurse Matthews' allegedly negligent exercise of nursing judgment – *i.e.*, Nurse Matthews' allegedly negligent exercise of nursing judgment regarding what type of progesterone to administer when Dr. Gonski's order did not specifically indicate which type of progesterone to use. Thus, the Lenoirs' new negligence theory does not fall within the TTCA's waiver of immunity because there is no negligent use of tangible personal property. Resp. Br. at 44-49 (citing *e.g.*, *Kamel v. Univ. of Tex. Health Sci. Ctr. at Houston*, 333 S.W.3d 676, 686 (Tex. App.–Houston [1st Dist.] 2010, pet. denied); *Univ. of Tex. Med. Branch at Galveston v. Qi*, 402 S.W.3d 374, 389-90 (Tex. App.–Houston [14th Dist.] 2013, no pet.); *Univ. of Tex. Health Sci. Ctr. at Houston v. DeSoto*, 401 S.W.3d 319, 326 (Tex. App.–Houston [14th Dist.] 2013, pet. denied); *Univ. of Tex. Med. Branch at Galveston v. Malveaux*, 2010 Tex. App. LEXIS 6054, at *11-*19 (Tex. App.–Houston [14th Dist.] July 29, 2010, pet. denied); *Mitcham v. Univ. of Tex. Med. Branch at Galveston*, 818 S.W.2d 523, 524-25 (Tex. App.–Houston [14th Dist.] 1991, writ denied)).

**IV.** **Allowing the Lenoirs to Make New Allegations in Their Reply Brief Would Promote Gamesmanship**

A final reason why this Court should reject the Lenoirs' new negligence theory is that it would encourage pleading gamesmanship by encouraging parties to adopt irreconcilably conflicting positions in order to defeat motions to dismiss filed by different defendants or raise arguments for the first time in the history of the litigation in an appellate reply brief, as has happened in this case. The Lenoirs' new negligence theory is nothing more than a sham allegation asserted for the first time in her reply brief on the merits in this appeal for the sole purpose of circumventing U.T. Physicians' sovereign immunity. This Court should not allow such sham pleading. *See, e.g.*, *Tatum*, 389 S.W.3d at 462.

## CONCLUSION

For the reasons stated above, U.T. Physicians respectfully requests that this Court: (1) affirm the trial court's August 14, 2014 order granting U.T. Physicians' Plea to the Jurisdiction and Motion to Dismiss With Prejudice; and (2) grant U.T. Physicians any and all other relief to which it may be entitled.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP


By    /s/ Warren S. Huang                
        David R. Iler
        State Bar No. 10386480
        david.iler@nortonrosefulbright.com
        Warren S. Huang
        State Bar No. 00796788
        warren.huang@nortonrosefulbright.com
        Jaqualine P. McMillan
        State Bar No. 24082955
        jaqualine.mcmillan@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:(713) 651-5151
Facsimile: (713) 651-5246

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litig.

KARA L. KENNEDY
Chief, Tort Litigation Division


By    /s/ Jason Warner               \*
        Jason Warner
        Asst. Attorney General
        State Bar No. 24028114
        jason.warner@texasattorneygeneral.gov
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:(512) 463-2197
Facsimile: (512) 463-2224

\* Signed By Permission


## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned counsel – in reliance upon the word count of the computer program used to prepare this document – certifies that this brief contains 2,216 words, excluding the words that need not be counted under Texas Rule of Appellate Procedure 9.4(i)(1).

            /s/ Warren S. Huang
              Warren S. Huang

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Sur-Reply Brief of Appellee U.T. Physicians was served pursuant to Texas Rule of Appellate Procedure 9.5 electronically through the electronic filing manager and/or by electronic mail on April 13, 2015, upon the following:

Mr. Joseph M. Gourrier
THE GOURRIER LAW FIRM
530 Lovett Boulevard, Suite B
Houston, Texas 77006
joseph@gourrierlaw.com
(Counsel for Appellants-Plaintiffs)

/s/ Warren S. Huang
Warren S. Huang