**Lillian MITCHAM, Appellant,**

v.

**The UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, Appellee.**

**No. C14–90–01038–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 1991.

Rehearing Denied Nov. 7, 1991.

Barney McCoy, Houston, for appellant.

Dorothy Prengler, Dallas, Robbie Malone, Austin, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a summary judgment denying Lilliam Mitcham recovery against appellee under the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 (Vernon 1986). The trial court originally denied appellee's motion for summary judgment, but after a motion to reconsider was filed, the court granted appellee's requested relief. We affirm.

In January, 1976, appellant was admitted to a hospital operated by the appellee for tests which included arteriography. The night before the arteriogram was to be performed by Dr. Pareschandra P. Shah, appellant was visited in her room by Dr. Eugenio Amparo who explained the arteriogram, the risk of the procedure and obtained appellant's informed consent. Appellant alleges that Dr. Amparo failed to inform her that the arteriogram could cause blood clots resulting in the amputation of her foot. In Dr. Amparo's deposition, he stated that he did discuss the risks of the procedure with appellant, but could not remember exactly what he had told her. After the arteriogram was performed, appellant developed blood clots in the arteries that supply blood to her right foot and subsequently had her right foot amputated just below the knee. Thereafter, the appellant sued Dr. Shah and the appellee The University of Texas Medical Branch at Galveston for medical negligence. Appellant subsequently settled her claim with Dr. Shah but continued to assert her cause of action against The University of Texas Medical Branch at Galveston. The hospital filed its motion for summary judgment asserting that it was entitled to governmental immunity because Mitcham's petition failed to allege a cause of action within an exception to the hospital's governmental immunity provided under the Texas Tort Claims Act. The trial court granted the hospital's motion for summary judgment.

In her first point of error, Mitcham contends the trial court erred in granting the motion for summary judgment. Appellant asserts that the hospital is liable under the Texas Tort Claims Act because her injury was caused by the negligent use of tangible property. Specifically, appellant argues that inserting the arteriogram needle into her femoral artery, without informing her that the procedure could lead to blood clots, is a misuse of tangible property which falls within the statutory waiver of immunity set out in the Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

■ In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); TEX.R.CIV.P. 166a. The nonmovant is entitled to have all reasonable inferences made and all doubts resolved in his favor. *University*

*of Texas Health Science Center at Houston v. Big Train Carpet of El Campo, Inc.* 739 S.W.2d 792 (Tex.1987).

The Texas Civil Practice and Remedies Code provides: "A governmental unit in the state is liable for ... personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986). The supreme court has defined "use" in the context of the statute to mean: "to put or bring into action or service; to employ or apply to a given purpose." *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30 (Tex.1983). In *Salcedo*, the hospital's employees misused tangible property by improperly reading and interpreting the graphs and charts produced by electrocardiographic equipment. *Id.* It is well settled that a direct causal link between the condition of property or its negligent use and the injury is required. *See Lowe v. Texas Tech Univ.*, 540 S.W.2d 297 (Tex.1976); *Overton Memorial Hosp. v. McGuire*, 518 S.W.2d 528 (Tex.1975); *Hopkins v. Spring Indep. School Dist.*, 706 S.W.2d 325 (Tex.App.—Houston [14th Dist.] 1986), *aff'd*, 736 S.W.2d 617 (Tex.1987).

█ In the present case, appellant does not argue that the condition of the arteriogram needle was defective or that the needle was actually used in a negligent manner. Instead, appellant asserts that the arteriogram process was negligent because the physician purportedly failed to advise the appellant of the risk of the procedure. However, there is no claim that the alleged failure to inform affected the use of the needle. The argument focuses on the physician's discussion with appellant, rather than concentrating on the condition or actual use of arteriogram needle. Even if Dr. Amparo was negligent in informing appellant of the risk of the procedure, that alone is not enough to state a cause of action within the waiver of governmental immunity created by the Texas Tort Claims Act. *See Velasquez v. Jamar*, 584 S.W.2d 729 (Tex.Civ.App.—Tyler 1979, no writ). The injury must be caused by a condition or use of tangible property. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30 (Tex.1983); *Lowe v. Harris County Hosp. Dist.*, 809 S.W.2d 502 (Tex.App.—Houston [14th Dist.] 1989, no writ). The fact that a needle was used in the procedure does not transform the conversation into tangible property. We believe that the alleged failure to provide the appellant with information does not involve tangible property in the sense contemplated by the Act, and accordingly overrule appellant's first point of error.

In her second point of error, appellant argues that the trial court erred in granting the motion for summary judgment because the release of Dr. Shah did not release the appellee. Although the hospital did make this argument in its original motion for summary judgment filed in April, 1985 it is apparent that the trial granted summary judgment based on the motion filed in July, 1990, which relied on the governmental immunity provided by the Texas Tort Claims Act. In view of our ruling on the immunity issue, we overrule appellant's second point of error.

In her third point of error, appellant asserts that the trial court erred in granting appellees special exceptions because she has stated a cause of action for negligent use of tangible property. In view of our ruling on the immunity issue, we necessarily overrule this argument based on the reasoning stated in appellant's first point of error.

The judgment of the trial court is affirmed.