Ken ARNOLD and Mary
Arnold, Appellants,

v.

**UNIVERSITY OF TEXAS SOUTH-
WESTERN MEDICAL CENTER
AT DALLAS, Appellee.**

No. 05–08–00036–CV.

Court of Appeals of Texas,
Dallas.

Feb. 25, 2009.

**466**

---

Evan Lane (Van) Shaw, Janet R. Randle, Law Office of Van Shaw, Dallas, for appellant.

Kamilla Lane Stokes, Assistant Attorney General, Austin, for appellee.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion by Justice O'NEILL.

Appellants Ken and Mary Arnold appeal the trial court's order granting Appellee University of Texas Southwestern Medical Center at Dallas's second supplemental plea to the jurisdiction. In its sole issue, the Arnolds assert the trial court erred in granting appellee's second supplemental plea to the jurisdiction because they pleaded and provided sufficient evidence that a State employee caused Mrs. Arnold's injuries by using tangible personal property as required under the Texas Tort Claims Act. We affirm.

## Background

In 1990, Mary Arnold underwent breast augmentation surgery. In 2003, she discovered the implants had ruptured. She consulted with Dr. James J. Chao and requested the ruptured implants be replaced with smaller implants. Dr. Chao, a former employee of University of Texas Southwestern Medical Center, performed the surgery on or about June 24, 2003. Mary's ruptured implants were 425 cubic centimeters and the replacement implants were 550 cubic centimeters. Dr. Chao stated he determined the size of the replacement implants by calculating the amount of tissue he removed and adding it to the size of her previous implants. The surgery occurred without complication, and her recovery was uneventful.

Arnold later returned to Dr. Chao complaining about the size of the implants, and he offered to correct them; however, she never followed up with him. Instead, approximately two years later, she sought the advice of another doctor who agreed to do yet another surgery and replace the implants with smaller ones. She underwent the subsequent surgery in May of 2006.

The Arnolds sued Dr. Chao and appellee employer for negligent use of tangible property under the Texas Tort Claims Act for failure to make proper pre-surgery investigations and arrangements and failure to respond to post-surgery concerns. Appellee filed a plea to the jurisdiction contending the Arnolds failed to plead waiver of immunity under the Texas Tort Claims

Act. Both sides submitted evidence and objections to evidence in support of their claims.

Two years later, the Arnolds sought leave to file a second amended petition and for the first time alleged the use of the larger implants caused deformity and included allegations of failing to properly document certain information or follow the patient's desire for smaller implants. Appellee filed its second supplemental plea to the jurisdiction based on the Arnolds' amended petition.

After reviewing the extensive pleadings and evidence, the trial court granted appellee's second supplemental plea to the jurisdiction. This appeal followed.

## Standard of Review and Applicable Law

■ Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Criminal Justice v. Hawkins,* 169 S.W.3d 529, 531 (Tex.App.-Dallas 2005, no pet.). The existence of subject matter jurisdiction is a question of law we review de novo. *Id.; see also State v. Holland,* 221 S.W.3d 639, 642 (Tex.2007).

■ The Arnolds have the burden to allege facts affirmatively demonstrating the trial court has subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). We must construe pleadings in favor of the Arnolds and look to their intent. *Hawkins,* 169 S.W.3d at 532. The court is required to liberally construe the allegations in favor of jurisdiction unless, on its face, the petition affirmatively demonstrates a lack of jurisdiction. *Id.*

■ A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). When a plea to the jurisdiction challenges the existence of facts alleged to establish the trial court's subject matter jurisdiction, the trial court must consider relevant evidence offered by the parties to determine if a fact issue exists. *Id.* The review of such evidence is similar to a summary judgment review. *Id.* (indulging every reasonable inference and resolving all doubts in favor of non-movant).

■ In Texas, a governmental unit is immune from tort liability unless the legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998). Thus, whether a governmental unit is immune from liability for a particular claim depends entirely upon the applicable statute. *Id.*

■ The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity when "use" of property is involved. TEX. CIV. PRAC. & REM.CODE ANN. § 101.001–.109 (Vernon 2005). The "use" provision reads as follows:

A governmental unit in the state is liable for ... personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* § 101.021(2). Thus, immunity is waived if injury or death is caused by a "condition or use of tangible personal or real property." That property is involved is not enough. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 588 (Tex. 2001); *Dallas County v. Alejo,* 243 S.W.3d 21, 27 (Tex.App.-Dallas 2007, no pet.). A use that merely furnishes the condition that makes the injury possible is not a

sufficient use to waive immunity. *Miller*, 51 S.W.3d at 588; *Alejo*, 243 S.W.3d at 27. Using the property must have actually caused the injury. *Alejo*, 243 S.W.3d at 27. Further, the non-use of tangible property does not waive immunity. *See Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994) (concluding allegations that doctor should have used a different medication was a non-use rather than a use of tangible personal property that triggers waiver of immunity).

The Supreme Court of Texas has repeatedly held there cannot be waiver of sovereign immunity in every case in which medical treatment is provided by a public facility because doctors in state medical facilities use some form of tangible personal property nearly every time they treat a patient. *Miller*, 51 S.W.3d at 589; *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 583 (Tex.1996). If there is waiver in all of those cases, the waiver of immunity is virtually unrestricted, which is not what the legislature intended. *Miller*, 51 S.W.3d at 589. Therefore, our task is to determine whether the Arnolds have pleaded a claim that falls within section 101.021 of the TTCA.

## Arnolds' Pleadings

In their second amended petition, appellants contend Dr. Chao and appellee "failed to make the proper pre-surgery investigation and arrangements and failed to properly respond to post-surgery concerns." They further state the negligent use of 550 cubic centimeter breast implants, despite Arnold's request for smaller implants, resulted in damages and injuries in excess of the minimum jurisdictional limits of the court. Appellants then specifically pleaded the following:

> Plaintiffs would further show that Defendants failed to make the proper pre-surgery investigation and arrangements

to determinate which tangible property to use and how to use it. Such failures of Defendants include, but are not limited to the following:

> a. not documenting the size of the required replacement implants before the surgery to ensure the use of proper implant size;
>
> b. using 550 cc implants that would not satisfy the plaintiff's stated desires;
>
> c. using 550 cc implants that the patient did not consent to;
>
> d. using 550 cc implants to conduct a subglandular implant placement, which deformed Plaintiff's breast into larger breast than requested by the plaintiff;
>
> e. using 550 cc implants in a subglandular implant placement, which increased the probability for the patient to experience sagging of her breasts earlier than normal;
>
> f. using 550 cc implants in a subglandular implant placement, which required the patient to undergo an additional surgery to have the deformity they created removed.

They contend the alleged misuse of breast implants, which they claim are tangible personal property, proximately caused her injuries.

Construing the pleadings in favor of appellants and looking to their intent, we now determine whether the Arnolds have pleaded sufficient facts to bring their claim under the waiver of immunity under the TTCA.

## Application of Law to Facts

We will consider each of the Arnolds' allegations in turn. First, their contention that appellee failed to make the proper pre-surgery investigation and failed to respond to post-surgery concerns is too

vague to waive immunity because the statements fail to allege injury caused by any tangible personal property. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2). Further, what type of investigation Dr. Chao or appellee should have conducted or any failed response to post-surgery concerns are alleged errors in medical judgment. Errors in medical judgment do not waive immunity under the TTCA. *See Miller*, 51 S.W.3d at 589 (concluding hospital did not waive immunity for failing to use different drugs to treat meningitis when passage of time and error in medical judgment resulted in death); *see also Spindletop MHMR Ctr. v. Beauchamp*, 130 S.W.3d 368, 371 (Tex.App.-Beaumont 2004, pet. denied) ("Claims alleging failure to use, or the non-use of property, or alleging errors in medical judgment are not within the waiver of immunity.").

■■■■ The more specific allegations such as not documenting the size of the replacement implants and using implants that would not satisfy the patient's desire also fail to assert improper use of any tangible personal property. These allegations involve use of information Dr. Chao received from the Arnolds and then the use or misuse of that information from her medical records. While paper itself can be touched, handled, and seen, medical information recorded on paper is not tangible personal property. *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 176 (Tex.1994). The information itself is an abstract concept, lacking corporeal, physical, or palpable qualities. *Id.* at 179; *see also Gipson v. City of Dallas*, 247 S.W.3d 465, 471 (Tex.App.-Dallas 2008, pet. denied). The fact that information is or is not recorded in writing does not render the information tangible personal property. *York*, 871 S.W.2d at 176. To hold otherwise would subject the State to liability in all cases in which it used, mis-

used, or failed to use information that had been reduced to writing. *Id.; Gipson*, 247 S.W.3d at 471 (concluding allegations went to non-use or misuse of dispatcher information, which was not tangible personal property). As such, information that may or may not be documented in a patient's medical records does not constitute tangible personal property for waiver under the TTCA.

Failure to receive informed consent has also been held to not waive immunity under the TTCA; therefore, the Arnolds' attempt to waive immunity by appellee's use of implants she did not consent to fails. In *Mitcham v. University of Texas Medical Branch of Galveston*, appellant alleged inserting an arteriogram needle into her femoral artery, without informing her that the procedure could lead to blood clots, was a misuse of tangible property. *Mitcham*, 818 S.W.2d 523, 525 (Tex.App.-Houston [14th Dist.] 1991, writ denied). The court noted appellant did not argue that any condition of the needle was defective or that the needle was actually used in a negligent manner. *Id.* Instead, she asserted the process was negligent because the physician failed to advise her of the procedure's risks. *Id.* The allegations focused on the physician's discussion with the patient rather than concentrating on the condition or use of the needle. *Id.* The court went on to say that even if the physician was negligent in informing appellant of the risk, that alone was not enough for waiver. The fact that a needle was used in the procedure did not transform the conversation between physician and patient into tangible property. *Id.*

■■■ Although the Arnolds are not specifically alleging appellee failed to inform them of any risks involved in the breast implant surgery, the *Mitcham* court's analysis is persuasive. Here, the Arnolds have not alleged the 550 cubic centimeter

implants were defective in any way or used in a negligent manner. Rather, her claims stem from the fact that she claims she told Dr. Chao that she wanted smaller replacement breast implants and he then, without her consent, used larger implants. Thus, their argument actually focuses not on the implants themselves but on the alleged conversation between Dr. Chao and the Arnolds. Similar to *Mitcham,* we conclude the use of the breast implants did not transform any conversation between physician and patient about the size of her implants into tangible personal property for waiver under the TTCA. *Id.; see also Miller,* 51 S.W.3d at 589 (noting doctors in state medical facilities use some form of tangible personal property nearly every time they treat a patient and if there was waiver in all of those circumstances, the waiver of immunity would be virtually unrestricted).

In the Arnolds final three specific allegations, they contend appellee's (1) use of the implants deformed her breasts; (2) use of the larger size increased her probability for experiencing sagging earlier than normal; and (3) use of the larger size required her to have additional surgery to correct the deformity.

It is well established that the treatment of claims under Texas law focuses on the true nature of disputes rather than allowing artful pleading to gain favorable redress under the law. *See Baylor Univ. v. Sonnichsen,* 221 S.W.3d 632, 636 (Tex.2007); *Ambulatory Infusion Therapy Specialist, Inc. v. N. Amer. Adm'rs, Inc.,* 262 S.W.3d 107, 112 (Tex.App.-Houston [1st Dist.] 2008, no pet.). A plaintiff cannot simply recast a claim in order to avoid having its cause of action statutorily barred. *Ambulatory Infusion Therapy Specialist, Inc.,* 262 S.W.3d at 112. Thus, we focus on the true nature of the dispute between the Arnolds and appellee to determine whether their claims are a disguised attempt to plead around the TTCA. *See Head v. U.S. Inspect DFW, Inc.,* 159 S.W.3d 731, 742 (Tex.App.-Fort Worth 2005, no pet.) ("A plaintiff by artful pleading cannot recast a claim in order to avoid the adverse effect of a statute.").

As stated above, the Arnolds have made no allegations that the implants themselves were defective in any way or used in a negligent manner. Rather, any alleged negligence and resulting damages, despite their attempts to bring their cause of action under the waiver statute, was the result of medical decisions by Dr. Chao. He stated during a deposition that he calculated the need for the 550 cubic centimeter implants based on the implant volume of what he removed plus the amount of tissue he removed. He further stated he understood Arnold wanted to be approximately the same size or a little larger after the replacement surgery. Thus, any damages from the larger implants were caused by the alleged negligence of Dr. Chao in using his medical judgment to calculate the size of the implant he believed both parties had agreed upon. As stated above, errors in medical judgment do not provide waiver of immunity under the TTCA. *Miller,* 51 S.W.3d at 589.

Because the true substance of the Arnolds' pleadings is that Dr. Chao miscalculated or misdiagnosed the necessary size of replacement breast implants, the fact that the pleadings also identify a piece of tangible personal property used during the procedure does not affect our decision that this is not a claim for the negligent use of tangible personal property. *See, e.g., Kanlic v. Meyer,* 230 S.W.3d 889, 895 (Tex. App.-El Paso 2007, pet. denied). Thus, we conclude the trial court properly granted appellee's second supplemental plea to the jurisdiction. We overrule the Arnolds' sole issue. Having reached this conclu-

sion, we need not address appellee's second issue regarding whether this Court should consider certain evidence submitted by the Arnolds because it should have been stricken by the trial court. *See* TEX. R.APP. P. 47.1. Such evidence is not necessary to resolution of the jurisdictional issue on appeal. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554 (holding court may look to evidence outside pleadings and must do so when necessary to resolve jurisdictional issues).

## Conclusion

The trial court's order is affirmed.