# NO. 12-16-00101-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CURTIS DINGER AND BRIAN SCOTT BRADLEY,* *APPELLANTS* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SMITH COUNTY, TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Curtis Dinger and Brian Scott Bradley appeal the trial court's order granting Smith County's plea to the jurisdiction. In a single issue, Dinger and Bradley contend Smith County's governmental immunity was waived under the Texas Whistleblower Act. We affirm.

## BACKGROUND

Dinger and Bradley, Whitehouse Police Department officers, were informed that another officer's wife may have been sexually assaulted by either the Whitehouse police chief or the Whitehouse city manager. After conducting an initial investigation, Dinger and Bradley reported the allegations to the Texas Rangers, the Smith County District Attorney's Office, and the Smith County Sheriff's Office. They asked that these agencies continue the investigation. Dinger and Bradley were both suspended when the police chief and the city manager learned they had contacted those agencies.

At a special meeting, the Whitehouse City Council voted to appoint an acting police chief and interim city manager. It also voted to authorize an outside third party to investigate whether Dinger or Bradley violated any city policies or procedures during their investigation. The acting police chief requested that the Smith County Sheriff's Office perform the investigation. That

office assigned the matter to Mark Simmons. Simmons found that Bradley had not committed any violations and that Dinger may have violated four policies or procedures.

Dinger and Bradley sued the City of Whitehouse (the City) and Smith County under the Texas Whistleblower Act (the Act). They alleged that Smith County knowingly participated in the investigation to create "pretext reasons" for Bradley's and Dinger's suspensions. Smith County filed a plea to the jurisdiction alleging that its governmental immunity has not been waived. The trial court granted the plea and dismissed the case against Smith County. This interlocutory appeal followed.[1]

## PLEA TO THE JURISDICTION

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Arnold v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, 279 S.W.3d 464, 467 (Tex. App.—Dallas 2009, no pet.). Whether the trial court has subject matter jurisdiction is a question of law, which we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Dallas Area Rapid Transit v. Carr*, 309 S.W.3d 174, 176 (Tex. App.—Dallas 2010, pet. denied). A plaintiff has the burden to allege facts affirmatively demonstrating the trial court has subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226. In determining whether a plaintiff has done so, we construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226–27; *Carr*, 309 S.W.3d at 176. We can also consider evidence, and must do so when necessary to resolve the jurisdictional issue. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Arnold*, 279 S.W.3d at 467. If evidence in support of a plea to the jurisdiction negates the existence of jurisdictional facts as a matter of law, the plea should be granted. *City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008). However, if a fact issue is presented, the trial court should deny the plea. *Id*.

The Act contains an express waiver of immunity from suit. Specifically, a public employee who "alleges" a violation of the Act may sue the "employing state or local governmental entity" for the relief provided by the Act. TEX. GOV'T CODE ANN. § 554.0035 (West 2012); see *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 n.6 (Tex. 2003). In

---

[1] An interlocutory appeal is permitted from an order that grants a plea to the jurisdiction brought by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2016).

determining whether a violation has been alleged, we consider whether the factual allegations would actually constitute a violation of the Act. *State v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009). However, a plaintiff need not prove its claim to satisfy the jurisdictional hurdle, and the burden of proof with respect to the jurisdictional facts does not involve a significant inquiry into the substance of the claims. *Id*. at 884.

## THE TEXAS WHISTLEBLOWER ACT

The Act prohibits a state or local governmental entity from suspending, terminating, or taking other adverse personnel action against a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.  TEX. GOV'T CODE ANN. § 554.002(a) (West 2012).  If section 554.002 is violated, the public employee is entitled to sue for injunctive relief, actual damages, court costs, and reasonable attorney fees.  *Id.* § 554.003(a) (West 2012).  In addition, if the employee is suspended or terminated, he is entitled to reinstatement to his former position or an equivalent position, compensation for lost wages during the period of suspension or termination, and reinstatement of fringe benefits and seniority rights.  *Id.* § 554.003(b).  A violation occurs when a governmental entity retaliates against a public employee for making a good faith report of a violation of law to an appropriate law enforcement authority.  *Lueck*, 290 S.W.3d at 878.

## EMPLOYING LOCAL GOVERNMENTAL ENTITY

As part of their first issue, Bradley and Dinger argue that Smith County's governmental immunity is waived because it employed the officer who conducted the investigation.  Smith County contends its governmental immunity is waived only if it employed Dinger and Bradley.

### Standard of Review

Statutory construction is a legal question, which we review de novo. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Our primary objective when construing a statute is to determine the legislature's intent. *Tex. Lottery Comm'n*, 325 S.W.3d at 635. If the statute is unambiguous, we must apply its words according to their common meaning without resort to rules of construction or extrinsic aids. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We

may consider other matters in ascertaining legislative intent, including the objective of the law, its history, and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023(1), (3), (5) (West 2013); *Shumake*, 199 S.W.3d at 284.

**Analysis**

Bradley and Dinger argue that the purpose of the Act is to protect the whistleblower. Therefore, they contend that the Act allows the whistleblower to sue the true retaliator (in this case, Smith County), whether or not it is the whistleblower's employer.

The state and its political subdivisions are immune from suit and liability as long as immunity has not been abrogated by the legislature. *Ben Bolt-Palito Blanco Consol. Indep. School Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). A statute does not waive governmental immunity unless the waiver is clear and unambiguous. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332-33 (Tex. 2006). Under chapter 554, for governmental immunity to be waived, the plaintiff must be a public employee and allege a violation of the chapter. *See Lueck*, 290 S.W.3d at 881.[2] A violation of chapter 554 occurs when a governmental entity retaliates against a public employee for making a good-faith report of a violation of law to an appropriate law enforcement authority. *Id.* at 878.

The Act evidences two legislative purposes: (1) to protect public employees from retaliation by their employer when, in good faith, employees report a violation of the law, and (2) to secure lawful conduct on the part of those who direct and conduct the affairs of public bodies. *City of New Braunfels v. Allen*, 132 S.W.3d 157, 161 (Tex. App.—Austin 2004, no pet.).

A governmental entity can violate the Act only by suspending, terminating, or taking "other adverse personnel action" against a whistleblower. *See* TEX. GOV'T CODE ANN. § 554.002. Dinger and Bradley have not explained how an entity other than their own employer can take adverse personnel action against them. Further, they have not identified any cases in which a nonemployer was found liable under the Act. While the Act clearly waives governmental immunity for the whistleblower's employer, it does not do so for any other governmental entity.

---

[2] *State v. Lueck* concerned the waiver of sovereign immunity under the Act. Sovereign immunity refers to the state's immunity from suit and liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the state, including counties, cities, and school districts. *See Wichita Falls State Hosp.*, 106 S.W.3d at 694 n.3 (recognizing that sovereign immunity and governmental immunity are distinct concepts although courts often use the terms interchangeably).

For Smith County's governmental immunity to be waived, Bradley and Dinger had to allege it violated chapter 554. And as explained above, Smith County had to be Bradley's and Dinger's employer to violate the Act. That Smith County employed the investigator is insufficient to waive Smith County's sovereign immunity. We overrule this portion of Bradley and Dinger's issue.

## JOINT EMPLOYER

Alternatively, as part of their sole issue, Bradley and Dinger contend that Smith County was their employer. They point out that according to the Whitehouse Police Department manual, internal investigations of policy violations must be conducted by a city officer. Therefore, they argue, Smith County had to become a "joint employing local government entity" to conduct the investigation. As such, Bradley and Dinger were employed by Smith County as well as the City of Whitehouse.

A worker is an employee when the claimed employer has the right to control the progress, details, and methods of his work. *Thompson v. Travelers Indem. Co. of R.I.,* 789 S.W.2d 277, 278 (Tex. 1990); *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 585–90 (Tex. 1964). An employer controls not just the ends sought, but also controls the means and details of how to get to the end achieved. *Thompson,* 789 S.W.2d at 278; *Darensburg v. Tobey,* 887 S.W.2d 84, 88 (Tex. App.—Dallas 1994, writ denied); *Travelers Inc. Co. v. Ray,* 262 S.W.2d 801, 803 (Tex. Civ. App.–Eastland 1953, writ ref'd). The attributes of an employer include the right to hire and fire, the obligation to pay wages and withhold taxes, the furnishing of tools, and most of all, the power to control the details of the worker's performance. *See U.S. Fid. & Guar. Co. v. Goodson,* 568 S.W.2d 443, 447 (Tex. Civ. App.–Texarkana 1978, writ ref'd n.r.e.).

The Whitehouse City Council authorized an independent outside entity to conduct an investigation into possible policy violations committed by city employees. The City would then take any necessary action depending on the result of the investigation. The City Council delegated only the authority to conduct an investigation. There is no evidence that Smith County had the authority to control Bradley and Dinger or to decide whether to hire, fire, or suspend them. Smith County did not become a joint employer with the City when it conducted the

5

investigation into possible policy violations. Therefore, Smith County's immunity was not waived. We overrule the remainder of Bradley and Dinger's sole issue.[3]

## DISPOSITION

Having overruled Bradley and Dinger's sole issue, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[3] Bradley and Dinger also contend they followed Smith County's grievance procedure in accordance with section 554.006. Because we have determined that Smith County's immunity was not waived, we do not reach this argument. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2016

NO. 12-16-00101-CV

**CURTIS DINGER AND BRIAN SCOTT BRADLEY,**
Appellants
V.
**SMITH COUNTY, TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 15-1525-B/C/A/B)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **CURTIS DINGER AND BRIAN SCOTT BRADLEY,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*