# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00826-CV

**Troy Thoele, Appellant**

**v.**

**Texas Board of Pardons and Paroles, Appellee**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-007628, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Troy Thoele, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division, filed a pro se lawsuit under the Administrative Procedure Act (APA) against the Texas Board of Pardons and Paroles (the Board). *See* Tex. Gov't Code § 2001.038 (providing for declaratory-judgment actions against state agencies to determine "validity or applicability of a rule"). In his original petition, Thoele alleged that the Board's rules or internal procedures providing for the use of "generic codes" to explain its parole-denial decisions violate Government Code Section 508.1411, which purportedly requires the Board to provide inmates with sufficiently detailed and personalized written statements explaining denial decisions. *See id.* § 508.1411. After filing a general-denial answer and special appearance asserting several affirmative defenses, including sovereign and qualified immunity, the Board filed a motion to dismiss, *see* Tex. Civ. Prac. & Rem. Code § 14.003, and a motion to declare Thoele a vexatious litigant, *see* Tex. Civ. Prac. & Rem. Code § 11.051. After a hearing, the trial court rendered

an order declaring Thoele a vexatious litigant and requiring him to furnish $5,000 in security to proceed with his lawsuit; the trial court also signed a pre-filing order prohibiting Thoele from filing any new litigation in this state without first obtaining permission from a local administrative judge. *See id.* §§ 11.54, .102. Thereafter Thoele filed a motion to nonsuit, which the trial court granted, dismissing the case without prejudice. Thoele appeals the trial court's vexatious-litigant order. For the following reasons, we will affirm the trial court's order.

## DISCUSSION

We review a trial court's determination that a plaintiff is a vexatious litigant for an abuse of discretion, considering whether the trial court ruled arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). Determining that a plaintiff is a vexatious litigant requires proof of two statutory elements: (1) there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant, and (2) in the seven years before the filing of the defendant's motion seeking the vexatious-litigant determination, the plaintiff has commenced, prosecuted, or maintained at least five pro se litigations that were (a) finally determined adversely to him, (b) permitted to remain pending at least two years without having been brought to trial or hearing, or (c) determined by a trial or appellate court to be frivolous or groundless. *See* Tex. Civ. Prac. & Rem. Code § 11.054(1). Only the first element is at issue here.

Thoele raises six issues on appeal, but the Board correctly asserts that he has failed to preserve error as to his first and fifth issues, and we therefore do not address them.[1] In his second, third, and fourth issues, Thoele contends that the Board did not prove there is no reasonable probability that he will prevail in this lawsuit. In its motion to declare Thoele a vexatious litigant, the Board asserted four legal grounds[2] for determining that there was no reasonable probability that Thoele could prevail in his lawsuit: (1) Government Code Sections 2001.223 and 2001.226 except the Board from rule challenges, *see* Tex. Gov't Code §§ 2001.223, .226; (2) Government Code Sections 508.145, 508.149, and 508.152 authorize the Board, in its discretion, to deny an inmate parole for various reasons, including that the inmate poses a danger to the public or has failed to comply with his "individual treatment plan," *see id.* §§ 508.145, .149, .152; (3) res judicata and collateral estoppel bar Thoele's lawsuit because it is an attempt to "relitigate claims and issues already decided adversely against him"; and

---

[1] Listed below are the issues Thoele raises on appeal but did not present to the trial court by timely request, objection, or motion and therefore did not preserve for our review. *See* Tex. R. App. P. 33.1(a); *Loftin v. Lee*, 341 S.W.3d 352, 356 n.11 (Tex. 2011) (concluding that party failed to preserve complaints that statute was vague and violated open-courts and due-course-of-law guarantees); *McCarrell v. Dunham & Jones Att'ys at Law P.C.*, No. 03-19-00783-CV, 2020 WL 4726635, at *5 (Tex. App.—Austin Aug. 12, 2020, no pet.) (mem. op.) (determining that plaintiff failed to preserve complaints as to constitutionality of vexatious-litigant statute).

- Issue One: "The vexatious litigant statute violates Access to Courts by giving courts the ability to impose a financial burden on indigent litigants in active litigation."

- Issue Five: "Is discovery to be afforded when vexatious litigant procedures are invoked?" —in which Thoele challenges the constitutionality of the statute providing that litigation is stayed upon the filing of a motion to declare a plaintiff a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code § 11.052.

[2] The Board raised the grounds in its earlier-filed motion to dismiss, *see* Tex. Civ. Prac. & Rem. Code § 14.003(b)(2) (allowing court to dismiss inmate's "frivolous" claim, which is in part defined as one with "no arguable basis in law or in fact"), but the Board incorporated by reference those same grounds in its motion to declare Thoele a vexatious litigant.

3

(4) applicable statutes of limitations bar Thoele's lawsuit, *see* Tex. Civ. Prac. & Rem. Code § 16.003(a); Tex. Gov't Code § 2001.035.

The trial court's order declaring Thoele a vexatious litigant does not state which of the Board's four asserted grounds supports its determination that Thoele has no reasonable probability of prevailing in his lawsuit. On appeal, Thoele does not attack each of the four independent grounds but complains only about whether the Board's first asserted ground supports the trial court's determination. He presents no argument, for example, explaining how res judicata and collateral estoppel do not bar the claims and issues in this lawsuit. Because Thoele has failed to attack each of the independent grounds supporting the trial court's vexatious-litigant declaration, we must uphold the trial court's ruling. *See Lagaite v. Pittman*, No. 01-10-00554-CV, 2012 WL 1649850, at *5 (Tex. App.—Houston [1st Dist.] May 10, 2012, no pet.) (mem. op.); *Retzlaf v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 699 (Tex. App.— El Paso 2011, no pet.). "If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that ground, we must accept the validity of that unchallenged ground, and, thus, any error in the grounds actually challenged on appeal is harmless because the unchallenged ground fully supports the judgment." *Lagaite*, 2012 WL 1649850, at *5 (citing *Britton v. Texas Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.)).

Nonetheless, Thoele contends that because the Board's motion to declare him a vexatious litigant addressed only the causes of action alleged in his original petition but not the new ultra vires challenges first alleged in his first amended petition,[3] the Board did not meet its

---

[3] Thoele filed his first amended petition on April 12, 2019. The Board filed its motion to declare Thoele a vexatious litigant on May 20, 2019 (referencing the arguments it made in its

4

burden to prove that there was no reasonable probability that Thoele would prevail on those new claims. In his original petition, Thoele designated as a defendant only the Board and asserted two "counts" against it, seeking a declaratory judgment under the APA that the Board's use of "generic denial codes" in written explanations denying inmates parole is unlawful and that the Board was thereby violating a "ministerial duty" imposed by Government Code Section 508.1411. In his first amended petition, Thoele added as defendants several Board members and two Board commissioners, in their official capacities, and alleged that those individuals—through the use of generic denial codes—had acted ultra vires by "fail[ing] to perform a ministerial act" required by Section 508.1411. However, comparing Thoele's original and first amended petitions, we conclude that the ultra vires claims he added in his first amended petition are based on the same factual assertions he made in his original petition, i.e., that the "policies or rules" the Board and its members employ to deny inmates parole and to explain such denials—in the form of "generic denial codes" rather than specific-inmate-tailored explanations—directly violate a purportedly non-discretionary mandate in Section 508.1411.

"It is well established that the treatment of claims under Texas law focuses on the true nature of disputes rather than allowing artful pleading to gain favorable redress under the law." *Arnold v. University of Tex. Sw. Med. Ctr. at Dall.*, 279 S.W.3d 464, 470 (Tex. App.— Dallas 2009, no pet.) (citing *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007)). When examining a claim, courts consider the factual allegations in the pleadings to determine the applicability of a particular cause of action; courts need not accept the stated legal theory advanced in the pleadings as valid because a plaintiff may not recast his claim as another cause

March 19, 2019 motion to dismiss), and the trial court heard the Board's motion to declare Thoele a vexatious litigant on June 26, 2019.

5

of action to avoid an unfavorable outcome. *See Patterson v. Marcantel*, No. 09-16-00173-CV, 2017 WL 4844514, at \*15–16 (Tex. App.—Beaumont Oct. 26, 2017, pet. denied) (mem. op.) (examining "essence" of plaintiff's claims to conclude that tort claims otherwise barred by governmental immunity had "simply been recast" against individual defendants to avoid immunity and were not, therefore, viable); *see also Earle v. Ratliff*, 998 S.W.2d 882, 893 (Tex. 1999) (concluding that "essence" of plaintiff's claim was that defendant was negligent by not conforming to applicable standard of care despite plaintiff's labeling claims as deceptive-trade-practices-act causes of action); *City of Austin v. Silverman*, No. 03-06-00676-CV, 2009 WL 1423956, at \*3 (Tex. App.—Austin May 21, 2009, pet. denied) (mem. op.) (concluding that although plaintiff stated he was bringing premises-defect claim, his pleadings and deposition testimony established that he was complaining about design of sidewalk and related discretionary decisions, for which there was no waiver of immunity). Because we must accept the validity of the Board's unchallenged grounds of res judicata and collateral estoppel, and considering that Thoele's ultra vires claims arise from the same alleged facts and have the same essence as his APA claims, it follows that Thoele's ultra vires claims are also barred on those unchallenged grounds, regardless of the particular legal theory under which he attempts to proceed. We accordingly overrule Thoele's second, third, and fourth issues.

In his sixth issue, Thoele contends that the trial court abused its discretion by imposing an "arbitrary" security amount ($5,000) that he must post to maintain his lawsuit. *See* Tex. Civ. Prac. & Rem. Code § 11.055 (requiring court to "order the plaintiff to furnish security for the benefit of the moving defendant if the court, after hearing the evidence on the motion, determines that the plaintiff is a vexatious litigant"). Thoele contends that at the hearing on the Board's motion, the Board's counsel merely represented to the trial court that $5,000 was "the

median point between the numbers [he] saw in other cases" but did not support that amount with any evidence of anticipated litigation expenses. However, the Board's counsel further represented to the court,

> In this particular case, given the number of witnesses that Plaintiff Thoele's requested already to come and appear in person to provide testimonial evidence, that would be a significant amount of cost just on its own. The amount of documents produced, et cetera, there's a great deal of cost potential in this litigation.

While this statement does not constitute evidence, the statute contains no explicit requirement that the moving party submit evidence of its anticipated litigation expenses to support the amount of security that the court requires of the plaintiff. *See id.* § 11.055(c).[4]

Furthermore, a trial court is "presumed to judicially know what has previously taken place in the case tried before it," and where the record is silent (as here), "may be presumed to have taken judicial notice of the records in the court's file without any request being made and without an announcement in the record that it has done so." *In re J.E.H.*, 384 S.W.3d 864, 869–70 (Tex. App.—San Antonio 2012, no pet.) (citations omitted); *see also Iqbal v. Federal Nat'l Mortg. Ass'n*, No. 03-15-00667-CV, 2017 WL 2856737, at *3 (Tex. App.—Austin June 29, 2017, pet. denied) (mem. op.) ("[W]e may presume that a trial court took judicial notice of the

---

[4] Subsection (c) of Section 11.055 provides,

> The court shall provide that the security is an undertaking by the plaintiff to assure payment to the moving defendant of the moving defendant's reasonable expenses incurred in or in connection with a litigation commenced, caused to be commenced, maintained, or caused to be maintained by the plaintiff, including costs and attorney's fees.

Tex. Civ. Prac. & Rem. Code § 11.055(c).

file even if there is no record that the trial court did so expressly."). The record here indicates that Thoele subpoenaed three Board members and the Texas Department of Criminal Justice's (TDCJ) custodian of records to appear as witnesses at an April 2019 hearing on his motion for temporary injunction. Thoele's subpoena requested that the TDCJ records custodian appear and produce Thoele's "confidential parole records" to the court, but the TDCJ filed an objection to the subpoena because it was not served on its "designated records custodian," and the Board filed a motion to quash the subpoenas as to the other three witnesses, arguing that Thoele had not specified any particularized purpose for their appearance and testimony. The record indicates that Thoele also filed a motion to compel the Board to respond to his first set of discovery requests several weeks after the Board filed its Section 14.033 motion to dismiss, even though Section 14.033(d) requires a trial court to "suspend discovery" upon the filing of a motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code § 14.003(d).

In light of the several discovery procedures Thoele had already employed and the Board's responses thereto, all of which the trial court is presumed to have been aware; Section 11.055's lack of a requirement that a moving party submit evidence to support the determination of a security amount; and the Board's attorney's comments at the hearing about its anticipated "significant" costs and expenses from Thoele's lawsuit, the trial court could reasonably have concluded that the Board would incur at least $5,000 in attorney's fees and costs were Thoele's lawsuit to proceed. *See* Tex. Civ. Prac. & Rem. Code § 11.055(c). On this record, we cannot conclude that the trial court acted arbitrarily or abused its discretion in setting the security amount at $5,000. *See Leonard*, 171 S.W.3d at 459. We accordingly overrule Thoele's sixth issue.

**CONCLUSION**

We affirm the trial court's order declaring Thoele to be a vexatious litigant.

_____
Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Affirmed

Filed:   May 6, 2021