

# NUMBER 13-23-00024-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**BEXAR COUNTY HOSPITAL
DISTRICT D/B/A UNIVERSITY
HEALTH F/K/A UNIVERSITY
HEALTH SYSTEM,**                                                    **Appellant,**

**v.**

**LINDA PEREZ,**                                                           **Appellee.**

---

## ON APPEAL FROM THE 285TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Justice Longoria**

Appellant Bexar County Hospital District d/b/a University Health f/k/a University

Health System (the Hospital) appeals the denial of a plea to the jurisdiction. The Hospital

asserts that the trial court erred in denying its plea to the jurisdiction because appellee

Linda Perez's claim "is not within the limited waiver of immunity in the" Texas Tort Claims Act (TTCA). We reverse and render.

## I. BACKGROUND[1]

Perez filed her original petition asserting a healthcare liability claim (HCLC) against the Hospital. Pursuant to her petition, Perez asserted that she sustained injuries as a result of the Hospital's misuse of tangible property, specifically the hospital bed. Perez's petition asserted that she was admitted to the Hospital on October 24, 2018, for induction of labor. That same day, at 8:31 p.m., an anesthesiologist placed an epidural catheter to administer pain medication "directly into the epidural space around the spinal cord." Because the epidural is used to "numb the lower body during childbirth," Perez was placed on bedrest at the time the epidural was placed. According to Perez, she remained in the same position from the time the epidural was placed until the following evening at 7:31 p.m. when she was brought into surgery for a cesarean section. Perez was then moved to the "Mother Baby unit" at 10:30 p.m. During her stay, Perez was assessed by medical staff and an obstetrician noted that Perez was "not yet ambulating" and that Perez had "residual numbness in her feet." On October 26, 2018, an anesthesiologist assessed Perez's condition and made note that Perez may have "nerve impingement due to no change in position in bed since arrival to postpartum floor." Over the next several days, Perez's condition continued to be monitored and assessed by specialists at the Hospital, each finding similarly that Perez likely suffered from "acute compressive neuropathy

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

2

secondary to prolonged positioning without movement after epidural." Perez was informed that the issue would "likely resolve over time" and was instructed to follow up with neurology if the issue persisted. Perez and her baby were discharged on October 30, 2018. Perez was discharged with a walker to assist her. Perez had numerous follow up appointment and emergency room visits over the next six months, when she was ultimately informed that her condition was permanent.

Perez then brought suit asserting that the Hospital was liable for her personal injury because it was caused by the use or misuse of tangible personal property, the hospital bed. The Hospital answered and subsequently filed its plea to the jurisdiction, in which the Hospital asserted that Perez's allegations "do not affirmatively demonstrate facts which establish the court's jurisdiction to hear the suit under the [TTCA]." Specifically, the Hospital asserted that Perez did not allege that the bed was "defective or lacking any safety component," nor did she assert that the bed was not used for its intended purpose. Perez filed an amended petition. The trial court issued an order denying the Hospital's plea to the jurisdiction. This interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II.    PLEA TO THE JURISDICTION

### A.    Standard of Review

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife*

3

*v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.*

A plaintiff has the initial burden to affirmatively demonstrate the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27; *see Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015); *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Ryder*, 453 S.W.3d at 927. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227.

If the plaintiff meets its initial pleading burden and the governmental unit instead challenges the existence of jurisdictional facts, then we consider the relevant evidence submitted. *Metro. Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 492 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see Mission Consol. Indep. Sch. Dist. V. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). When reviewing a plea to the jurisdiction in

4

which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the plaintiff. *Douglas*, 544 S.W.3d at 492; *see Garcia*, 372 S.W.3d at 635. We indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Douglas*, 544 S.W.3d at 492; *see Miranda*, 133 S.W.3d at 226. If the relevant evidence is undisputed or if the plaintiff fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea as a matter of law. *Garcia*, 372 S.W.3d at 635; *see Harris Cnty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 798–99 (Tex. 2016) (op. on reh'g).

## B.    Analysis

By its sole issue, the Hospital argues that the trial court erred by denying its plea to the jurisdiction and motion to dismiss because Perez's claim is "not within the limited waiver of immunity in the [TTCA]."

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which governmental units have been sued unless the state consents to suit. *Miranda,* 133 S.W.3d at 224. The Hospital is a "governmental unit." *Robinson v. Univ. of Tex. Med. Branch,* 171 S.W.3d 365, 368 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Noah v. Univ. of Tex. Med. Branch,* 176 S.W.3d 350, 355 (Tex. App.-Houston [1st Dist.] 2004, pet. denied). The TTCA provides a limited waiver of sovereign immunity. *Miranda,* 133 S.W.3d at 224; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109. Section 101.021 provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within

5

his scope of employment if:

> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

> (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

Here, Perez's petition asserts that her claim is based on the Hospital's "misuse of tangible property," specifically the hospital bed. The Hospital argues that this assertion is an attempt at artful pleading "to obscure the true nature of the claim," which the Hospital claims is about alleged errors in medical judgment. The Hospital contends that its plea to the jurisdiction should have been granted because the Hospital staff did not "misuse" the hospital bed. There is no question that the hospital bed is tangible property. Accordingly, the case turns on whether the hospital bed was "misused" by the Hospital's employees as alleged by Perez.

### 1. Misuse of Hospital Bed

Perez's pleadings assert that the Hospital "had a duty to frequently change [her] position on the hospital bed and raise/lower the head of the hospital bed." In order to invoke the limited waiver of sovereign immunity under the TTCA, Perez must establish that the use of the tangible personal property caused her injury. That property is involved is not enough. *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001); *Dallas County v. Alejo*, 243 S.W.3d 21, 27 (Tex. App.—Dallas 2007, no pet.). A use that merely

6

furnishes the condition that makes the injury possible is also not a sufficient use to waive immunity. *Miller*, 51 S.W.3d at 588; *Alejo*, 243 S.W.3d at 27. Using the property must have actually caused the injury. *Alejo*, 243 S.W.3d at 27. Further, the non-use of tangible property does not waive immunity. *See Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex. 1994) (concluding allegations that doctor should have used a different medication was a non-use rather than a use of tangible personal property that triggers waiver of immunity); *Arnold v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, 279 S.W.3d 464, 467–68 (Tex. App.— Dallas 2009, no pet.). The Supreme Court of Texas has repeatedly noted that doctors in state medical facilities use some form of tangible personal property nearly every time they treat a patient. *Miller*, 51 S.W.3d at 589; *see Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 583 (Tex. 1996). If there is waiver in all of those cases, the waiver of immunity is virtually unrestricted, which is not what the legislature intended. *Miller*, 51 S.W.3d at 589.

Perez does not contend that the hospital bed was defective in any way. Rather, her injury was the result of medical decisions made by the hospital staff, not the actual use of the bed. According to Perez's own expert reports, her nerve injury was caused by failure to reposition Perez frequently after she received her epidural. The reports explain that the nursing staff should have changed Perez's position on the hospital bed. While the reports also state that the staff should have repositioned the head of the hospital bed, they do not conclude that the only way to have repositioned Perez was by changing the position of the bed. According to Perez, she was not told that she needed to be repositioned nor that she should "move around in the bed or try to reposition [herself]." The lack of movement was determined to be the cause of Perez's nerve injury. The bed

itself, while furnishing the condition, did not ultimately cause Perez's injury. Causation cannot be based on the mere involvement or non-use of property; the property must actually cause the harm. *See Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 340–41 (Tex. 1998).

We conclude that Perez's suit does not invoke the limited waiver of sovereign immunity found in the TTCA because Perez's allegations do not meet the TTCA's requirement that the use of tangible personal property caused her injury. *Univ. of Tex. Med. Branch at Galveston v. Kai Hui Qi*, 402 S.W.3d 374, 381 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We sustain the Hospital's sole issue.

### III.    CONCLUSION

We reverse the judgment of the trial court and render judgment dismissing Perez's claim against the Hospital for lack of jurisdiction.

NORA L. LONGORIA
Justice

Delivered and filed on the
23rd day of December, 2024.